THOMAS H. MOHLER *vs.* STATE OF MARYLAND.

*Criminal Law: pleading; only one offense in each count; duplicity. Constable: corruption and extortion.*

In criminal law it is a fundamental principle of pleading that the object is to present but a single issue in regard to the same subject-matter; and it is not permitted, in any one count, to charge more than one distinct and substantive offense. But a count is not bad for duplicity because it charges several related acts, all of which enter into and constitute one offense, although such acts may in themselves constitute distinct offenses.                                    p. 327

An indictment alleged that the appellant, while a duly appointed and commissioned constable, did wrongfully, unlawfully, wilfully and corruptly accuse a party of selling goods without a license, and arrested him by virtue of a warrant wrongfully, unlawfully, wilfully and corruptly obtained from a certain justice of the peace by the traverser, as constable, and did corruptly and extorsively, by color of his office, as constable and by virtue of the warrant so obtained, take him before the said justice of the peace for trial on the charge of selling goods without a license, and at the pretended trial of the said party on said charge, of which he was guiltless, did corruptly and extorsively persuade and coerce, by virtue of his office of constable, the said party to pay the justice the sum of fifteen dollars, and received from the justice a part of said fifteen dollars, etc.                                    p. 327

The particular misconduct which this indictment charges was that of corruptly obtaining money under cover of his office; the other averments in the count, although they might have charged distinct and separate offenses, were only incidentals of the means taken by the traverser to accomplish the end; considered as a whole, they constitute but one transaction, and are the steps employed from the beginning to the end; and such a count was not bad for duplicity.                                    p. 328

*Decided April 9th, 1913.*

Appeal from the Circuit Court for Prince George's County (BEALL, J.).

The traverser having been indicted for malfeasance in office, and found guilty, was sentenced by the Court to be removed from the office of Constable; the traverser appealed.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*M. Hampton Magruder* and *T. Howard Duckett* (with whom was *T. Van Claggett* on the brief), for the appellant.

*Edgar Allan Poe, Attorney-General,* and *Clarence M. Roberts,* for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appellant, a constable, having been indicted for malfeasance in office, filed a demurrer to the indictment. The Court below overruled the demurrer, and upon his plea of "not guilty" he was convicted and sentenced, under section 42 of Article 4 of the Constitution, to removal from office.

The appeal presents only the question of the sufficiency of the indictment.

The indictment contains but one count, and the main contention of the appellant is that there are two or more separate and distinct offenses embraced in it, and therefore it is bad on account of duplicity.

The indictment alleged that the appellant, while a duly appointed and commissioned constable, did wrongfully, unlawfully, wilfully and corruptly accuse one Frank Spam-

pinato of selling goods without a license, and did arrest him
by virtue of a warrant wrongfully, unlawfully, wilfully and
corruptly obtained from a certain justice of the peace by the
appellant as constable, and did corruptly and extorsively, by
color of his office as constable, and by virtue of the warrant
so obtained, take him before the said justice of the peace for
trial on the charge of selling goods without a license, and at
a pretended trial of the said Spampinato on said charge, of
which charge he was guiltless, did corruptly and extorsively
persuade and coerce, by virtue of his office of constable,
Spampinato to pay to the justice the sum of fifteen dollars,
and received from the justice a part of the fifteen dollars, ·
whereas the said Spampinato was not guilty of the commis-
sion of any offense nor had he been given a trial nor had he
been advised by the justice of his right to a trial by jury
nor pleaded guilty to said charge.

The appellant contends that there are included in this
single count the following distinct and substantive offenses:
(1) that he wrongfully, unlawfully, wilfully and corruptly
did accuse one of a crime; (2) that he wrongfully, unlaw-
fully, wilfully and corruptly obtained a warrant for his
arrest; (3) that by color of his office and by virtue of the
warrant he corruptly and extorsively took him before a
justice; (4) that at a pretended trial he corruptly and extor-
sively coerced him to pay a sum of money when none was
due. That each of these constituted a distinct and separate
offense, and therefore when joined in one count rendered it
double and therefore bad.

It is a fundamental principle of pleading, that the object
is to present but a single issue in regard to the same subject-
matter, and does not permit of more than one distinct and
substantive offense to be charged in one count. But it is
equally recognized, that a count is not double because it
charges several related acts, all of which enter into and con-
stitute one offense, although such acts may in themselves
constitute distinct offenses. If the acts alleged are of the

same nature and so connected that they form one criminal transaction, they may be joined in one count, although separately considered they are distinct offenses. If they can be construed as stages in one transaction and are not inherently repugnant, the count will not be bad for duplicity. *Bishop's New Criminal Procedure,* Vol. 1, section 438; *Hochheimer's Crim. Law* (2nd Ed.), section 96; 22 *Cyc.* 376, 377, 385.

The particular misconduct with which the appellant was charged, was that he corruptly obtained money under cover of his office. This was clearly the charge he was called upon to meet. The other averments in the count, although they may have charged distinct and separate offenses, were only recitals of the means taken by him to accomplish the end. Considered as a whole, they constitute but one transaction, and are the steps employed from the beginning to the end. We are, therefore, of the opinion that the count was not bad for duplicity.

The appellant contends further that stripped of its verbiage, the indictment sets forth no crime as against him. That the words wrongfully, unlawfully, wilfully, corruptly and extorsively, descriptive of the motive of the appellant, are surplussage. And they being eliminated leave nothing done by the appellant other than his duty as a constable required him to do. We cannot agree with this contention. Corrupt motive was the very essence of the offense charged, and it was not only proper to allege it, but also to present such a state of facts in the proof as tended to prove it.

Because there was no error in overruling the demurrer, the judgment must be affirmed.

*Judgment affirmed, with costs to appellee.*