BARNET WEINSTEIN vs. STATE OF MARYLAND.

*Perjury—Sufficiency of Indictment—Showing as to Material-
ity of Testimony—Independent Counts.*

An indictment which, in one count, charges two several, dis-
tinct, separate, and unconnected offenses, is demurrable on the
ground of duplicity.                                    p. 83

To constitute the crime of perjury the false testimony must
have been material to the issues or matter in connection with
which it was given.                                    p. 84

Where several distinct parts of the testimony on which the
charge of perjury is based are alleged to be false, the indict-
ment or information must distinctly show that each part alleged
to be false was material.                            p. 85

In an indictment for perjury, the materiality of the false
testimony may appear either upon the face of the indictment,
or by express averment, but an express averment of materiality
cannot save an indictment which shows on its face that the testi-
mony was immaterial.                                pp. 85-87

That a person, accused of perjury in a statement concerning
his ownership of property in connection with his offer to fur-
nish security for the appearance of one charged with a crime,
received money for acting as a bailpiece in a wholly different
and independent case, is not relevant or material to show the
perjury.                                            p. 88

On a prosecution for perjury alleged to have been committed
on a criminal prosecution, the indictment on such former prose-
cution is not open to attack.                        p. 89

Where, on each of two separate and distinct prosecutions for
perjury, one relating to a false statement under oath before a
justice of the peace as to defendant's ownership of property
offered by him as security in a certain criminal case, and the
other relating to a false statement by him under oath before
the clerk of the criminal court as to his ownership of other
property offered by him as security in another criminal case,

defendant testified that he had not received money for acting as security in either case, a count, in a subsequent indictment for perjury in so testifying on such two distinct prosecutions, was defective in not showing that such testimony as referred to the non-receipt of payment for furnishing security in one of the original criminal cases was material to the issue on the prosecution for perjury as regards the security offered in the other of such criminal cases.                        pp. 87-89

On appeal from a conviction for perjury committed in two prior prosecutions for perjury, *held* that, it not appearing from the record whether the same testimony was offered by agreement in each of those cases, or whether it was given in both cases under one oath, or, if by agreement, what were the terms of the agreement, the relevancy of references to testimony as to what the traverser said on each of those former prosecutions could not be considered.                        p. 89

*Decided June 7th, 1924.*

Appeal from the Criminal Court of Baltimore City (STANTON, J.). .                                        ′

Criminal proceeding against Barnet Weinstein. From a judgment of conviction, said Weinstein appeals. Reversed.

The cause was argued before PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and BOND, JJ.

*Albert S. J. Owens* and *John H. Hessey,* with whom was *Julius H. Wyman* on the brief, for the appellant.

*Herbert Levy, Assistant Attorney General,* and *Eugene Edgett, Assistant State's Attorney for Baltimore City,* with whom were *Thomas H. Robinson, Attorney General,* and *Herbert R. O'Conor, State's Attorney for Baltimore City,* on the brief, for the State.

OFFUTT, J., delivered the opinion of the Court.

The indictment in this case charges Barnet Weinstein with the crime of perjury, and avers that on December 12th, 1921,

he appeared before Joseph L. McAllister, a justice of the peace of the State of Maryland in and for the City of Baltimore, and offered to give security to the State for the appearance before the said justice of one Adolph Markanski, when duly summoned and notified to answer to a certain criminal charge pending against him before such justice, and in connection with that offer deposed and said that his interest in certain property in Baltimore City was absolute and undivided, whereas it was not absolute and undivided; and that on November 22nd, 1921, he appeared before the clerk of the Criminal Court of Baltimore City and offered to give security to the State for the appearance before said court when thereto duly summoned of one Beatrice Riley, to answer a criminal charge pending in said court against her and in connection with said offer deposed that his interest in certain other property in said city was absolute, whereas in fact it was not absolute. And that subsequently he was indicted for perjury in connection with each of these depositions, and on May 21st, 1923, was tried on those charges before the Criminal Court of Baltimore City, and in the course of those trials he was sworn as a witness and asked whether he was paid or had received any money for giving security for the appearance of Markanski before the justice and for the appearance of Beatrice Riley before the said court to answer the charges respectively pending against them, and that in answer to said inquiry he had testified that he had not been paid and that he had not received money therefor, whereas in fact he had been paid and had received money therefor.

Upon that indictment he was tried before the Criminal Court of Baltimore City, convicted, and sentenced to six months in the Maryland Penitentiary, and from that judgment and sentence he has taken this appeal.

Before pleading the traverser demurred to the indictment, which demurrer the court overruled, whereupon he pleaded "not guilty."

During the course of the trial twenty eight exceptions were noted by the defendant to rulings of the court upon matters

of evidence, and those rulings and the ruling of the court on the demurrer we are called upon by the appeal to review.

Naturally the first question to be considered is the ruling on the demurrer to the indictment. One of the appellant's objections to that indictment is that it includes in a single count charges of two several distinct, separate and unconnected offences, and is therefore duplicitous. If that objection is true in fact, it is in our opinion sound in law. *Stearns* v. *State,* 81 Md. 346; 31 *C. J.* 758 and note 92; *Wharton, Crim. Proc.,* par. 392; *Bishop, Crim. Proc.,* par. 432. For if two distinct crimes are charged in the same count, although they may believe him guilty of one and not guilty of the other, the jury trying the case must nevertheless either convict the traverser of both or acquit him of both, since in such a case as this there could be under the laws of this State no splitting of the verdict, and, as said in *State* v. *Smith,* 61 Me. 389, "this strictness of pleading is necessary in order that the accused may not be in doubt as to the specific charge against him which he is called to defend, and that the court may know what sentence to pronounce." The question therefore is narrowed to this: Are there in fact two several, distinct and separate offences charged in the single count of the indictment in this case?

From the averments of the indictment it appears that Weinstein was charged with having, on December 21st, 1921, in offering himself as security in the Markanski case, sworn falsely before the justice concerning his interest in a property described as 4219 East Lombard Street in Baltimore City, and with having, on November 5th, 1921, in offering himself as security in the Riley case, sworn falsely in the Criminal Court of Baltimore City concerning his interest in properties described as Nos. 26, 26½ and 28 Caroline Street in said city. While it is not directly charged, yet the language of the indictment compels the inference, that he was separately indicted for each of those offences, because, after setting out the facts of each charge referred to separately, it avers further, in connection with those charges, "which said

*causes* and issues were then and there pending therein and
then and there came on to be tried and determined," and the
use of the plural form of "cause" in connection with the fact
that the "causes" referred to could only have related to the
two charges referred to above, compels the inference that
there were two causes. It further appeared that those two
"causes" were tried in the Criminal Court of Baltimore City,
and while it does not appear from the record that they were
consolidated, or even that they were tried at the same time,
it does appear that Weinstein's testimony was the same in
each case. It is stated in the appellant's brief that the two
cases were tried at the same time, but in considering the
sufficiency of the indictment it is not apparent how that
statement can be used to supplement its averments. But in
any aspect of the case we have this situation, that in each of
two separate and distinct cases, one relating to a false state-
ment under oath before the justice concerning his ownership
of the Lombard Street property in the Markanski case, and
the other to a false statement under oath before the clerk
of the criminal court in the Beatrice Riley case concerning
his interest in the Caroline Street property, he falsely testi-
fied that he had not received money for acting as security in
either case. Now one of the essential elements of the crime
of perjury is that the false testimony upon which it is based
must have been material to the issues or matter in connection
with which it was given (2*Wharton, Crim. Proc.,* par. 1095),
and the question therefore arises as to whether both the false
statements charged in this case were material in each of the
two causes in which they were made. That the statement
relating to the defendant's receiving money for giving
security in the Markanski case was material to the issues in
the trial of the charge that he swore falsely as to his interest
in the property referred to in that case is, we think, clear,
but whether his statement, made in the trial of the Markanski
case, that he did not receive money for giving security in
the Riley case, where he was charged with having sworn
falsely concerning property referred to in that case, which

was not the property referred to in the Markanski case, was material, presents more difficulty. The indictment must show the materiality, for, as stated in 2 *Wharton, Crim. Proc.,* par. 1095, "where several distinct parts of the testimony are alleged to be false the indictment or information must distinctly show that each part alleged to be false was material," and it is as necessary that the materiality of so much of the false statements made in the trial of the traverser for the Markanski perjury, as related to the Riley case should appear as that the materiality of so much of it as related to the Markanski case should appear.

The rule in this State as to the nature and sufficiency of an averment of materiality in such a case is stated in the following terms in *Deckard* v. *State,* 38 Md. 206: "The next objection of most importance is, that the materiality of the false testimony to the issue or question depending, is not sufficiently averred. This materiality must appear in one of two ways, either upon the face of the indictment, or by express averment. It may sufficiently appear to be material from the nature of the evidence itself, or from certain facts stated by way of inducement in the commencement of the indictment, or its materiality may be stated by way of averment. But it is sufficient that this appears in one of these two methods; it need not be made so to appear by both. 3 *Arch Cr. Pr.* 598; 2 *Chitty's Cr. Law,* 309; 2 *Bishop's Cr. Proc.,* sec. 854." And in *Wharton, Crim. Proc.,* par. 1096, the same rule is thus stated: "The indictment or information may set out the materiality to the issues or point of inquiry of the testimony alleged to be false in either of two ways: (1) by a direct averment of that fact, or (2) by setting forth the facts from which the materiality is made apparent or necessarily inferred; and an averment of the materiality of the alleged false testimony by either of these methods is usually sufficient, although there are occasional cases to the contrary. But it is to be remembered that a simple allegation of materiality, without setting out the facts showing such materiality, is merely the averment of a conclusion of law,

and such an averment cannot save an indictment or information otherwise bad—as where it is shown by the facts set forth in the indictment or information, or by the record, that the alleged false matter complained of could not have been material."

The appellee contends that since the indictment, after setting out each charge separately, used this expression: "And that it then and there became and was a matter material to the issue in said causes whether the said Barnet Weinstein in offering and giving security to the State of Maryland for the appearance of Adolph Markanski before Joseph L. McAllister, justice as aforesaid, when he, the said Adolph Markanski should be summoned and notified to appear before the said Joseph L. McAllister, justice as aforesaid, to answer to the charge laid against him as aforesaid, and particularly on the twenty-eighth day of December, in the year of our Lord, nineteen hundred and twenty-one, was then and there paid or received any money or other compensation for so doing; and whether the said Barnet Weinstein in offering and giving security to the State of Maryland for the appearance of Beatrice Riley before the Criminal Court of Baltimore when she, the said Beatrice Riley, should be summoned and notified to appear before the said court and stand trial on the charge laid against her, as aforesaid, was then and there paid or received any money or other compensation for so doing," any inquiry into the materiality of the false testimony is barred under the *Deckard* case, *supra.* But we do not so read that case, nor do we so understand the rule. In the *Deckard* case the court was dealing with the issues in a single case and the record showed on its face that the false statements were material to the issues in the case in which they were made, while here the false statements refer to two cases, and one of them is necessarily immaterial in each of those cases. And where that is the case a mere general charge in an indictment that a statement is material, which the indictment itself shows to be immaterial, cannot establish its materiality. These conclusions appear to be self-evident

and are certainly supported by both the courts and the text
writers.   In *State* v. *Ela*, 91 Me. 314, the rule is precisely
and, we think, accurately, stated in these words: "To con-
stitute perjury, the testimony must be material to the issue.
While the statute requires only the allegation of materiality,
yet, if the recited testimony is clearly not material, the indict-
ment defeats itself.   It alleges a thing to be material, and
shows on its face that it is not material.   The allegation of
materiality, though in the words of the statute, in such a case
cannot save the indictment.   This count is therefore bad."
And to the same effect is *State* v. *Bailey*, 34 Mo. 350; *People*
v. *Gaige*, 26 Mich. 30; *State* v. *Smith*, 40 Kan. 631.

Since therefore the indictment must show that both assign-
ments of perjury were material, the inquiry may be put in
this form: was the fact that Weinstein received money for
furnishing security for the appearance of Markanski before
the justice material to show that he had sworn falsely as to
his interest in property referred to when he offered security
for the appearance of Beatrice Riley in the criminal court?

The general rule as to the relevancy of evidence of other
acts similar to that forming the basis of a prosecution in a
particular case to show guilt is thus stated in *Underhill,
Crim. Ev.*, par. 150:

"* * * The large majority of persons of average intelli-
gence are untrained in logical methods of thinking, and are
therefore prone to draw illogical and incorrect inferences and
conclusions without adequate foundation.   From such per-
sons jurors are selected.   They will very naturally believe
that a person is guilty of the crime with which he is charged
if it is proved to their satisfaction that he has committed a
similar offense, or any offense of an equally heinous character.
And it cannot be said with truth that this tendency is wholly
without reason or justification, as every person can bear testi-
mony from his or her experience, that a man who will commit
one crime is very likely subsequently to commit another
of the same description.   To guard against this evil, and at
the same time to avoid the delay which would be incident to

an indefinite multiplication of issues, the general rule (to which, however, some very important exceptions may be noted) forbids the introduction of evidence which will show, or tend to show, that the accused has committed any crime wholly independent of that offense for which he is on trial. Generally it is error to admit evidence independent of the crime charged of other offenses, or the prior conviction for other offenses, such as in a charge of adultery, abortion, arson, assault, assault and battery, bribery, homicide, murder, uxoricide, manslaughter, burglary, embezzlement, larceny, theft, receiving stolen property, forgery, robbery, conversion, obtaining money by false pretenses, false representations, gambling, perjury, rape, statutory rape, assault with intent to rape, incest, sodomy, sedition, poisoning, fraud, using the mails to defraud, unlawfully carrying a pistol, picking pockets, violating liquor laws, unlawfully issuing prescriptions, and other crimes."

To that rule there are certain well recognized exceptions, as where the acts sought to be shown tend to show knowledge, intent or design, which are very fully and carefully analyzed and defined in *Wigmore, Evidence,* ch. 12. But after a very careful examination of the authorities, both the cases and the text books, we have been unable to discover any support for the proposition that such a fact, to wit, that a person, accused of perjury in a statement concerning his ownership of property in connection with his offer to furnish security for the appearance of one charged with a crime, received money for acting as a bailpiece in a wholly different and independent case, is relevant or material to show the perjury, and in our opinion it was too remote to be either relevant or material under any exception to the general rule. For, as stated in 16 *C. J.* 586, "The admission of evidence which shows or tends to show the commision of other offenses by accused has been and should be carefully restricted. While there are several recognized exceptions to the rule excluding evidence of other offenses, and these exceptions are founded on as much wisdom and justic as the rule itself, the rule should be

strictly enforced, and should not be departed from except under conditions which clearly justify such a departure." And in as much therefore as the same count of the indictment contains assignments of separate and independent perjuries, one of which was as to an immaterial matter, while the other was to a material matter, the demurrer to it should have been sustained. While this conclusion disposes of the case, in as much as the accused may be indicted again we will also pass upon the other question presented by the appeal.

It was contended by the appellant that the indictments in the two cases in which the alleged perjury was committed were demurrable because they did not in fact charge a crime. But in our opinion that objection cannot be raised in this proceeding. The defendant was indicted in the Criminal Court of Baltimore for perjury. That court had jurisdiction of the subject matter and of the person accused. If the indictments were bad, they should have been attacked in these cases, for they cannot be made the subject of a collateral attack in this. The court, in those cases, acting under its general powers, could and did exercise the power of passing upon the sufficiency of the indictments and we have been referred to no authority, nor do we know of any, to support the novel theory that the propriety of its action in that respect can be reviewed collaterally in another case. The record conclusively shows that the appellant was indicted in that court for the crime of perjury said to have been committed in Baltimore City, and under the laws of this State it had jurisdiction to try and determine every question connected with that charge, and its acts done in the exercise of that jurisdiction may not be collaterally impeached, 15 *C. J.* 837.

In respect to the exceptions to the testimony, it is sufficient to say, in view of our conclusion, that under the circumstances of this case we have discovered no reversible errors in any of the rulings involved in them. Testimony was permitted over defendant's objection as to what the traverser said in each of the cases tried on May 21st, 1921, in which he was charged with perjury, but as it does not appear from the record

whether the same testimony was offered by agreement in each of those cases, or whether it was given in both cases under one oath, or if by agreement what were the terms of the agreement, we cannot pass upon the relevancy of references to that testimony.

Because of the error in overruling the demurrer to the indictment, the judgment appealed from must be reversed.

*Judgment reversed, with costs.*