WILLIAM MELVIN JACKSON ET AL. *v.* STATE OF MARYLAND.

[No. 13, January Term, 1939.]

*Decided April 5th, 1939.*

The cause was submitted on briefs to BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Henry A. Warburton,* for the appellant.

*William C. Walsh, Attorney General,* and *H. Vernon Eney, Assistant Attorney General,* for the State.

DELAPLAINE, J., delivered the opinion of the Court.

The appellants in this case were indicted, tried, convicted, and sentenced in the Circuit Court for Cecil County for keeping a disorderly house.

Before entering their pleas of not guilty, the appellants demurred to the indictment on the ground that it contained two separate and distinct charges in one count: (1) keeping a disorderly house; and (2) keeping at said house alcoholic beverages for the purpose of sale and delivery within this State, without a license therefor. The trial court overruled the demurrers, and the correctness of that ruling is the question before this court.

The count avers that the appellants, on April 16th, 1938, and thence continually until the day of the finding of this indictment, "did keep and maintain a certain common, ill-governed and disorderly house, as a common place of business, for the sale of alcoholic beverages, to wit: whiskey; and in said place during the days and

times aforesaid, did then and there further unlawfully keep and suffer to be kept on their said premises, in their possession and under their charge and control for the purpose of sale and delivery within this State, certain alcoholic beverages, to wit: whiskey, without a license therefor, as provided by law, did take upon themselves to keep and maintain and the said house did then and there, at the days and times aforesaid, keep as a common house for the unlawful possession and sale of whiskey; and in the said house, at the days and times aforesaid, certain idle and ill-disposed persons to the Jurors aforesaid unknown, to assemble separately and together, for the purposes aforesaid, unlawfully did cause and procure, and did therein openly and unlawfully sell said alcoholic beverages to any and all persons calling for the same, in and about their said house, at all times both at day and night, and on all days, both Sundays and other days, they, the said William Melvin Jackson and Lenna Jackson, unlawfully did permit and suffer, to the common nuisance of all the people and against the peace, government and dignity of the State."

The general rule of the common law is that an indictment should not charge the commission of two or more substantive offenses in the same count, and in the event that it does so it is objectionable because of duplicity. 22 *Cyc.* 376. *Weinstein v. State,* 146 Md. 80, 125 A. 889.

But it is equally well recognized that a count is not objectionable for charging several related acts which enter into and constitute one offense, although when separately considered they are distinct offenses. *Mohler v. State,* 120 Md. 325, 87 A. 671.

The reason for the rule against duplicity is to guard against any uncertainty as to what is the particular charge brought against the accused. In this case there could be no such uncertainty, because the indictment, alleging an offense "to the common nuisance of all the people," charges a common law crime and not the violation of a statute. Keeping a disorderly house is still a common law crime in Maryland although the punishment

for it has been fixed by an Act of the Legislature. Acts' of 1890, ch. 523; Code, art. 27, sec. 122; *Lutz v. State,* 167 Md. 12, 172 A. 354. But the keeping of alcoholic beverages for the purpose of sale and delivery within this State, without a license therefor, is a statutory violation. Code (Supp. 1935), art. 2B, sec. 2.

The attorney for the appellants complains that the mention of unlawful possession and sale of alcoholic beverages at the disorderly house "tended to distract the attention of the jury" and thus "deprived the accused of a fair trial." However, there can be no valid objection to an indictment for keeping a disorderly house merely because it contains averments which are explanatory of the elements of the disorder. The courts hold that such an indictment may aver any of the acts which the State might establish in order to show the character of the house. *People v. Hatter,* Ct. Sess., 22 N. Y. S. 688.

In a New Jersey case, in which an indictment charged that the accused kept a disorderly house by permitting persons to assemble therein for the purpose of gambling, and that said persons "did there resort and remain, drinking, tippling, fighting, gambling, gaming, and playing for money," the court explained, in holding the indictment valid, that the mention of the acts of gaming carried on in the house was for the purpose of exhibiting the maintenance of an illegal act or a series of acts therein, which, when habitual, impressed upon the place the character of a nuisance. *State v. Moore,* 75 N. J. L. 619, 68 A. 165, 166.

So, in the case of *State v. Siciliano,* 85 N. J. L. 389, 91 A. 988, where the indictment for keeping a disorderly house charged that the disorder in the house consisted of the unlawful sale of intoxicating liquors, the court held that the indictment was not duplicitous.

Since there was no error of the trial court in overruling the demurrers, the judgments in this case must be affirmed.

*Judgments affirmed, with costs.*