## PAUL HENRY MORRISSEY *v.* STATE OF MARYLAND

[No. 363, September Term, 1969.]

*Decided May 26, 1970.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*John C. Sullivan* for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Donald W. Mason, State's Attorney for Allegany County,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant was charged under a two-count criminal information, the first count of which specified that on June 11, 1969 he unlawfully "did possess and sell a certain drug known generally as LSD" in violation of Maryland

Code, Article 27, Section 122B.[1] The second count of the information was identical to the first, except that it charged that appellant "did possess and sell" the LSD, on June 13, 1969.

Appellant did not challenge the legal sufficiency of either count of the information; instead he advanced the contention at the trial before a jury that he could not be convicted unless the State proved beyond a reasonable doubt that he *both* possessed and sold LSD, as charged in the information, on the dates designated in the information.

The evidence adduced at the trial showed that appellant resided in Cumberland with Paul Malec and Iris Mang; that shortly prior to June 11, 1969, appellant, accompanied by Malec, went to Baltimore to obtain a quantity of LSD and hashish, the money for this purpose having been supplied by Mang, Steve Laign, and others; that appellant obtained between 34 and 39 LSD tablets which he placed in a plastic container; that he then returned to Cumberland and gave Laign, who had supplied approximately half of the money used to make the purchase, 15 tablets on or about June 11, 1969; that appellant gave Malec 3 or 4 tablets during that same week; that he also gave some tablets to Tom Sleeman and, on June 13, he gave one to Mang; and that on June 14, the police, in the course of a consensual search, found 3 LSD tablets in the plastic container in the apartment in which appellant resided with Malec and Mang.

Testifying on his own behalf, appellant admitted obtaining the LSD tablets in Baltimore. He denied, however, that he sold any of them. He testified that he "col-

---

1. This Section, now renumbered as Section 313BA, proscribes in separate subsections (b) the sale, barter or trade of LSD, (c) the possession of LSD, (d) the manufacture, making or compounding of LSD, and (e) the administration of LSD to one's self or the internal taking thereof. The proscribed offenses are declared to be misdemeanors. The penalty for violating subsections (b), (c), or (d) is a fine not exceeding $500 and imprisonment not in excess of one year, or both. The penalty for violating subsection (e) is a fine not to exceed $100.

lected the money, then I got the tablets, and then they got the tablets, in that order."

At the conclusion of the evidence, the court told the jury that "there are two separate and distinct charges made against the Defendant"—the first that he possessed and sold LSD on June 11, 1969; the second that he possessed and sold LSD on June 13, 1969. The court then charged the jury:

> "* * * If the State proves beyond a reasonable doubt that the Defendant did *either* possess or sell then you would bring in a verdict of guilty.
>
> "It is a well settled rule in Maryland that if a statute makes it a criminal offense to do any one of several acts which are mentioned disjunctively as in this present case, an indictment based upon the statute may charge in a single count as was done in this case that the Defendant did as many of the forbidden things as the pleader, which is the State, chooses to include, using the conjunction 'and' where the word 'or' is used in the statute, and the count will not be void for duplicity, *but the particular offense may be established at the trial of the case by proof of any one of the acts.*" (Emphasis supplied.)

The court further instructed the jury to return two verdicts—either guilty or not guilty as to each count.

Appellant excepted to the court's instructions, claiming that both possession and sale of the LSD had to be established to justify a guilty verdict under either count of the indictment.

The jury returned a verdict of guilty "as charged" on both counts, and appellant was thereafter sentenced to two consecutive nine-month terms of imprisonment.

Appellant contends on appeal, as he did below, that the court erred in instructing the jury that it could find him guilty if it believed that he *either* possessed or sold LSD as charged in the information.

The object of all pleading, civil and criminal, is to pre-

sent a single issue in regard to the same subject matter; hence, it is against this fundamental rule to permit two or more distinct offenses to be joined in the same count. *State v. Warren,* 77 Md. 121. It is, therefore, the general rule that an indictment charging the commission of two or more substantive offenses in the same count is objectionable as being duplicitous. *Kirsner v. State,* 183 Md. 1; *Jackson v. State,* 176 Md. 399; *Weinstein v. State,* 146 Md. 80; *Mohler v. State,* 120 Md. 325. See also Maryland Rule 716a, providing that "Two or more offenses may be charged in the same indictment in a separate count for each offense." That the Legislature intended "possession" and "sale" of LSD to be separate and distinct offenses under the statute is, we think, too plain to require discussion. *Cf. Bryant v. State,* 229 Md. 531 and *Stewart v. State,* 1 Md. App. 309, holding "possession" and "control" of narcotic drugs to be separate offenses under Maryland Code, Article 27, Section 277. It was thus arguable that both counts of the information here involved were, on their face, defective on grounds of duplicity. But under Maryland Rule 725b,[2] it was incumbent upon appellant to raise that objection prior to trial, it being clear that the information charged the commission of offenses over which the court had jurisdiction. We think the appellant's right to challenge the counts of the information on grounds of duplicity was waived by his failure to raise the question prior to or during trial; moreover, it is not unlikely that he intentionally decided against highlighting any defects in the information since his defense was that the State must prove *both* possession and sale of LSD, as charged, before a conviction could properly be obtained.

It is readily apparent from a review of the record that

---

2. "Defenses and objections based on defects in the institution of the prosecution or in the indictment, other than it fails to show jurisdiction in the court or to charge an offense, must be raised by motion before trial. * * * Failure to present any such defense or objection as herein provided shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver." The Court of Special Appeals is not a "court" within the meaning of this Rule. *Baker v. State,* 6 Md. App. 148.

the State believed that under *Leon v. State,* 180 Md. 279, the counts were neither duplicitous or otherwise defective. In that case, the defendants were charged under a statute which made it unlawful to make or sell a book or pool on the result of "any trotting, pacing or running race of horses or other beasts, or race, contest or contingency of any kind." The indictment specified that the defendants had unlawfully made and sold a book and pool on the result of a "certain trotting, pacing and running race of horses and other beasts." The defendants contended that the indictment was defective because as whippet races were popular in the State, it was necessary to disclose whether there were any dogs among the "other beasts" alleged in the indictment. It was against this background that the Court said at page 286:

> "* * * if a statute makes it a criminal offense to do any one of several acts, which are mentioned disjunctively, an indictment based upon the statute may charge in a single count that the defendant did as many of the forbidden things as the pleader chooses to include, using the conjunction 'and' where the word 'or' is used in the statute, and the count will not be void for duplicity, but the particular offense may be established at the trial of the case by proof of any one of the acts, * * *."

The Court's instructions to the jury in the present case were taken directly from *Leon* and it was upon the holding in that case that the court charged that the jury could find appellant guilty if it found that he *either* possessed or sold the LSD. The rule in *Leon* is the well established law of this State. *See Bonneville v. State,* 206 Md. 302; *Sturgill v. State,* 191 Md. 75; *Thomas v. State,* 173 Md. 676; *Reynolds v. State,* 141 Md. 637; *Pritchett v. State,* 140 Md. 310; *Stearns v. State,* 81 Md. 341. Generally speaking, we think the rule of *Leon* to be that an indictment for violation of a statute which creates an offense, and specifies several different acts, transactions, or means

by which it may be committed, may properly allege the offense in one count by charging the accused in conjunctive terms with doing any or all of the things specified in the statute. See 41 Am.Jur.2d, *Indictments and Informations,* Section 213. The rule is not applicable in the circumstances of the instant case. Section 122B, proscribing, disjunctively, in separate subsections the unlawful possession and sale of LSD and providing separate penalties for each, is a statute unlike those involved in *Leon* and its progeny; unlawful possession of LSD, without more, constitutes one offense under the statute and is complete in itself, while unlawful sale of LSD, without more, constitutes another distinct offense under the Section, also complete in itself. In other words, unlawful possession and unlawful sale are themselves the crimes; no other "acts" or "forbidden things" underlying the offense or necessary to its commission are involved, as in *Leon.* To instruct the jury as a matter of law that it could find appellant guilty under either or both counts, so long as it found that he either possessed or sold, finds no support in the *Leon* line of cases.

While the rule is that an indictment or information should not charge the commission of two or more substantive offenses in the same count, it is not objectionable to charge in one count several related acts which enter into and constitute one offense, although when separately considered they may be distinct offenses. *Jackson v. State, supra.* Thus, if the acts alleged are of the same nature and so connected that they can be construed as stages in one criminal transaction, they may be joined in one count, although separately considered they are separate offenses. *Mohler v. State, supra.* In *Kirsner v. State, supra,* the defendant was indicted, *inter alia,* in one count which conjunctively charged numerous distinct and separate violations of the Building Code (subjecting the offender upon conviction to diverse penalties). The court there alluded to the rule that "several distinct averments in a single count will not constitute duplicity if they collectively constitute but a single charge or transaction." 183 Md. at

page 5. Citing *Hochheimer's Criminal Law*, Second Edition, Section 96, the court noted that "acts made punishable by statute in the alternative may be charged conjunctively in one count, provided the offenses are not repugnant or subject to different punishments" (at page 6). In holding that the count was duplicitous, the court said that it "does not charge one criminal transaction but a series of separate and mutually independent offenses, which are not stages in one transaction and which are not so connected as to form a single offense" (at page 7).

It is, of course, possible that the counts of the information here involved were intended to charge appellant with the offenses of selling LSD on two separate days, and that the averment that he possessed the LSD was included as a mere narrative of an act connected with and related to the sale—an unnecessary allegation, mere surplusage, not to be understood as charging a distinct offense. But whether this be so or not, the court's instructions erroneously permitted a finding of guilt of unlawful sale solely upon proof of unlawful possession. In such circumstances, it is not possible to know whether the jury found appellant guilty of possession or sale, or both. Nor could the trial judge, in sentencing appellant, know which offense or offenses he should undertake to punish. While the evidence that appellant possessed the LSD was overwhelming—indeed he admitted it—the evidence of sale was by no means clear-cut. To permit convictions so obtained to stand would be a manifest abuse of justice.

*Judgments reversed; case remanded for a new trial.*