## STATE OF MARYLAND v. TYRONE HUNT

[No. 862, September Term, 1980.]

* * *

## STATE OF MARYLAND v. GEORGE SMITH

[No. 863, September Term, 1980.]

*Decided July 13, 1981.*

The cause was argued before MOYLAN, MASON and COUCH, JJ.

*Ray E. Stokes, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, William R. Hymes, State's Attorney for Howard County,* and *A. Gallatin Warfield, III, Assistant State's Attorney for Howard County,* on the brief, for appellant.

*George E. Burns, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellees.

MASON, J., delivered the opinion of the Court.

In this case we are asked to decide whether it is duplicitous under the consolidated theft statutes, Md. Ann. Code, art. 27, § 340 et seq. (Supp. 1980) for the State to charge as one offense in a single count of the charging document a series of thefts from different owners at different times and places. Section 340 (1) (5) provides:

> When theft is committed in violation of this subheading pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the value of the property or services aggregated in determining whether the theft is a felony or misdemeanor.

The first and second counts of the criminal information filed against appellee, Tyrone Hunt, reads in relevant part as follows:

## FIRST COUNT

That Tyrone Hunt on or about the 8th day of December, 1979, in Howard County, unlawfully did

steal the goods and chattels, monies, and properties of Columbia Camera, Inc., B. Bugatch Stores, Inc., Woodward & Lothrop, Inc., The Hecht Company, Susies Casuals, J. Riggings, and Natures Exotics, having a value of Three Hundred Dollars, ($300.00) or more.[1]

## SECOND COUNT

That the said defendant on or about the said day, in the said year, at the county aforesaid, unlawfully did steal the goods and chattels, monies and properties of Columbia Camera, Inc., B. Bugatch Stores, Inc., Woodward & Lothrop, Inc., The Hecht Company, Susies Casuals, J. Riggings, and Natures Exotics, having a value of less than Three Hundred Dollars, ($300.00).

A criminal information with similar counts was also filed against appellee, George Smith. The trial court dismissed both criminal informations on the basis of duplicity. The State appeals.

The rule concerning duplicity was lucidly stated in *Ayre v. State,* 21 Md. App. 61, 318 A.2d 828 (1974):

It is firmly established that only one offense may be charged in a single count. In other words, an indictment charging two or more substantive offenses in the same count is objectionable as being duplicitous. * * * This rule has been recognized in the Maryland Rules of Procedure and the Maryland District Rules. * * * Thus, neither two or more common law offenses nor two or more statutory offenses may be charged in the same count.

*Id.* at 64-65. (Citations and footnote omitted). This rule regarding duplicity in an indictment or in other charging

---

1. Theft of goods valued at $300.00 or more is a felony; theft of goods valued at less than $300.00 is a misdemeanor. Md. Ann. Code art. 27, § 342(f)(1)(2) (Supp. 1980).

documents is well established in Maryland jurisprudence. *See State v. Carter,* 200 Md. 255, 261, 89 A.2d 586 (1952); *Kirsner v. State,* 183 Md. 1, 5, 36 A.2d 538 (1944); *Jackson v. State,* 176 Md. 399, 401, 5 A.2d 282 (1939); *Simmons v. State,* 165 Md. 155, 165, 167 A. 60 (1933); *Weinstein v. State,* 146 Md. 80, 83, 125 A. 889 (1924); *Mohler v. State,* 120 Md. 325, 327, 87 A. 927 (1913); *State v. Warren,* 77 Md. 121, 122, 26 A. 500 (1893); *State v. Beers,* 21 Md. App. 39, 42 318 A.2d 263 (1974); *Maloney v. State,* 17 Md. App. 609, 628, 304 A.2d 260 (1973); *Morrissey v. State,* 9 Md. App. 470, 474, 265 A.2d 585 (1970). *See also* Maryland Rule 712 a which provides:

a. *Offenses.*

Two or more offenses, whether felonies or misdemeanors or any combination thereof, may be charged in the same charging document in a separate count for each offense, if the offenses charged are the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

The rationale for the rule forbidding duplicity or "the joinder of two or more distinct and separate offenses in the same count" was succinctly set forth by the Court of Appeals in *State v. Warren, supra,* at 122 where it said: "The object of all pleading, civil and criminal, is to present a single issue in regard to the same subject matter, and it would be against this fundamental rule to permit two or more distinct offenses to be joined in the same count."

There are exceptions, however, to the rule that only one offense may be charged in a single count. One such exception is:

When a statute creates an offense and specifies several different acts, transactions, or means by which it may be committed, an indictment for violation thereof may properly allege the offense in one count by charging the accused in conjunctive terms with doing any or all of the acts, transactions, or means specified in the statute.

*Ayre v. State, supra* at 65 (1974). Consonant with this view, *see Bonneville v. State,* 206 Md. 302, 307, 111 A.2d 669 (1955); *Sturgill v. State,* 191 Md. 75, 78, 59 A.2d 763 (1948); *Kirsner v. State, supra,* at 5-6; *Leon v. State,* 180 Md. 279, 23 A.2d 706 (1942), *cert. denied,* 316 U.S. 860 (1940) where the Court of Appeals noted that the particular offense may be established by proof of any one of the acts. *Jackson v. State, supra* at 401 (1939); *Thomas v. State,* 173 Md. 676, 686, 197 A. 296 (1938); *Reynolds v. State,* 141 Md. 637, 640-641, 119 A. 457 (1922); *Pritchett v. State,* 140 Md. 310, 314, 117 A. 763 (1922); *Stearns v. State,* 81 Md. 341, 345, 32 A. 282 (1895); *Cooper v. State,* 44 Md. App. 59, 67, 407 A.2d 756 (1979); *Morrissey v. State, supra* at 475-476 (1970).

Another exception to the rule that only one offense may be charged in a single count is whether the property is systematically stolen from one owner over a period of time, *e.g.,* a series of embezzlements. *See Delcher v. State,* 161 Md. 475, 483, 158 A. 37 (1934).

A further exception to the rule that only one offense may be charged in a single count of the charging indictment was expressed in the case of *Warren v. State, supra* at 122 (1893) where the Court held that "the stealing of several articles of property at the same time, whether belonging to the same person, or to several persons, constituted but one offense." *Accord, Melia & Shelhorse v. State,* 5 Md. App. 354, 363, 247 A.2d 554 (1969) where we stated:

> And although it is the rule that the stealing of several articles at the same time belonging to several persons may constitute one offense and be charged in one count, it is necessary that the count allege the ownership of each article, and not just generally that the articles belonged to the several owners.

On the other hand see Anderson, WHARTON'S CRIMINAL LAW & PROCEDURE, § 451 (1957) where it states:

> If different articles are taken from different owners at different times, the defendant is guilty of

> separate larcenies. Accordingly, if on the same expedition there are several distinct larcenous takings, as taking the goods of one person at one place, and afterward taking the goods of another person at another place, and so on, as many crimes are committed as there are several and distinct takings . . . .

None of the exceptions stated herein is applicable to the facts in this case. Here we are concerned with the State charging appellees in one count with several thefts from different owners at different times and places within the Columbia Mall. The State argues on appeal as it did below that the thefts were committed pursuant to one scheme or continuing course of conduct, and thus it is permissible to charge appellees with the alleged thefts in one count. As we view it, the purpose of section 341 (1) (5) of the theft statute is to permit the State to aggregate the value of all property stolen pursuant to one scheme or continuing course of conduct to determine whether the theft is a misdemeanor or a felony. For example, if a thief steals $50 from 10 people pursuant to one scheme or continuing course of conduct, he cannot escape felony liability because no single theft exceeds $300. Likewise, an embezzler who pursuant to one scheme or continuing course of conduct peculates a small sum of money over a period of time is judged in light of his total defalcation and not by the amount he takes at a single moment. Of similar import, see the commentary to section 340 (1) (5) which reads, in part, as follows:

> The paragraph on aggregation was inserted on the basis that a person who steals property at different times from several persons and places as part of a continuing scheme has engaged in activity which is just as reprehensible as a person who steals an equal amount from a single person and place at one time. It is a marked departure from the common law which requires that the property be stolen from a single person at a single time and place.

REVISION OF MARYLAND THEFT LAWS AND BAD CHECK LAWS 27 (1978).

Although section 340 (1) (5) creates another exception to the rule that only one offense may be charged in a single count of the charging documents, we think it clear that before a series of thefts from different owners at different times and places can be considered as one offense, charged in a single count of the charging document, and the value of the stolen property aggregated, the thefts must be committed pursuant to one scheme or continuing course of conduct. The charging documents in question allege a series of thefts but fail to allege that they were committed pursuant to one scheme or continuing course of conduct. Therein lies the problem. Absent such an allegation, the charging documents merely allege separate and distinct crimes in a single count which makes them duplicitous. Accordingly, we conclude that the trial court did not err in dismissing the criminal informations on the basis of duplicity.

The State further contends that appellees waived their objections to the charging documents by not timely filing their motions to dismiss. Inasmuch as this issue is not "inextricably intertwined" with the dismissal of the charging documents on the basis of duplicity, it is not reviewable on this appeal. *See State v. Bailey,* 289 Md. 143, 151 (1980).

> *Judgments affirmed.*
>
> *Costs to be paid by Howard County.*