[Criminal No. 607.   Filed June 19, 1925.]

[237 Pac. 190.]

# WILLIAM APPEL, Appellant, v. STATE, Appellee.

1. LARCENY — PROOF, SHOWING LARCENY OF PAPER MONEY BILLS OF SOME CHARACTER, HELD NOT VARIANCE FROM CHARGE OF LARCENY OF "UNITED STATES CURRENCY." — In prosecution for larceny of United States currency, proof, showing merely larceny of paper money bills of some character, whether greenbacks, Federal Reserve notes, national bank notes, or gold or silver certificates, not appearing, *held* not variance, in view of Penal Code of 1913, section 941, requiring words in indictment or information to be construed in their usual acceptance in common language; "United States currency" being commonly understood to include every form of currency authorized by United States government, whether issued directly by it or under its authority.

2. LARCENY—NOT NECESSARY TO AVER AND PROVE MONEY STOLEN WAS GENUINE.—In prosecution for larceny of bills, indictment did not need to aver genuineness of bills; statement that they were bills and money implying their genuineness.

3. LARCENY—QUESTION OF DISPUTED MATTER OF FACT FOR JURY.—In prosecution for larceny of bills, question of identity of $50 bill, which was testified to have been in possession of accused, was question for jury, like all other disputed matters of fact.

4. CRIMINAL LAW—ON INDICATION THAT ERRONEOUS RULING WAS BASED ON MISUNDERSTANDING OF COURT, COUNSEL MUST REQUEST NEW RULING TO PREDICATE ERROR ON REFUSAL.—Where court refused to permit accused to refresh his memory from certain report made by him, apparently on the misunderstanding that he desired to read report, which was inadmissible, and later indicated

---

1.   See 17 R. C. L. 69, 70.
2.   See 17 R. C. L. 57.

that accused might use report for refreshing his memory, it was duty of counsel to again ask permission to use it for that purpose in order to predicate error on refusal.

5. LARCENY—FAILURE TO CHARGE ON PETIT LARCENY NOT ERROR.—In prosecution for larceny, where evidence tended to show grand larceny, and there was no evidence of petit larceny, instructions allowing jury to find accused guilty of grand larceny or to acquit him, thereby excluding issue of petit larceny, *held* not error, especially in absence of request for instruction on petit larceny.

See (1) 36 C. J., p. 853, n. 63 New, 64, 65, 66, 67. (2) 36 C. J., p. 820, n. 48. (3) 36 C. J., p. 920, n. 50. (4) 16 C. J., p. 875, n. 17 New. (5) 36 C. J., p. 933, n. 1.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Affirmed.

Mr. James P. Lavin, Mr. Frank O. Smith, and Messrs. Cassidy & Flynn, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch, Mr. Earl Anderson, and Mr. Frank J. Duffy, Assistant Attorneys General, for the State.

LOCKWOOD, J.—William Appel, hereinafter called defendant, was informed against for grand larceny in the superior court of Maricopa county. He pleaded not guilty and, after a trial before a jury, was convicted and sentenced. A motion for new trial was duly made and denied, and he has appealed to this court. There are some 17 assignments of error, which may properly be divided into several groups, which we will discuss as seems advisable.

The first group presents the point that there is a variance between the information and the proof in that the information charged a larceny of "United States currency," which, it is contended, means specifically paper money issued directly by the United States, to the exclusion of national bank notes, while it is claimed the proof showed merely paper money

bills of some character, whether greenbacks, Federal Reserve notes, national bank notes, or gold or silver certificates not appearing. This contention cannot be upheld. Paragraph 941, Penal Code 1913, says: "The words used in an indictment or information are construed in their usual acceptance in common language . . . " and the term "United States currency" is commonly understood to include every form of currency authorized by the United States government, whether issued directly by it or under its authority. *Ex parte Prince,* 27 Fla. 196, 26 Am. St. Rep. 67, 9 South. 659; *State* v. *Oakley,* 51 Ark. 112, 10 S. W. 17; *Leonard* v. *State,* 114 Ala. 80, 22 South. 564; *State* v. *Gasting,* 23 La. Ann. 609.

The case of *State* v. *Phillips,* 27 Wash. 364, 67 Pac. 608, cited by defendant, is not in point, as the money proved therein was Canadian bills, which, as the court says, "cannot, under the most expansive and secondary definitions, be described as lawful money of the United States."

Nor do we think it was necessary to prove specifically that the bills were genuine. The statement that they were "bills" and "money" implies their genuineness. It was not necessary to aver it. 36 C. J. 820. If there was no necessity to allege it, of course no proof thereof was required.

The question of the identity of the $50 bill, which the witness Ashby said he saw in the possession of the defendant, like all other disputed matters of fact, was a question for the jury, and the instructions of the court in regard to the effect of the unexplained possession of recently stolen property was a correct statement of the law of Arizona. *Terrasas* v. *State,* 25 Ariz. 476, 219 Pac. 226; *Allen* v. *State,* 26 Ariz. 317, 225 Pac. 332.

It is complained that the court refused to permit defendant to refresh his memory from a certain report made by him. It is apparent that, when the offer

was first made, the court misunderstood counsel, believing that it was desired to read the report, for later it said:

"He may have the report for the purpose of answering this question, if you desire him to look it over for the purpose of refreshing his memory, and further testify to where he was. The ruling was that he could not read from it. That is a different thing from refreshing his memory."

Under these circumstances, it was the duty of the counsel, when the misunderstanding appeared, to again ask permission to use the report to refresh the witness' memory, and it is plain the request would have been granted. The report itself, of course, was not admissible in evidence.

The last proposition is the most serious. The court, after correctly instructing the jury as to the difference between grand and petit larceny, gave the following instructions:

"You will be given two forms of verdict, one of which, including the title, will read, 'We, the jury, duly impaneled and sworn in the above-entitled action, upon our oaths do find the defendant guilty of grand larceny'; the other of which including the title, will read, 'We, the jury, duly impaneled and sworn in the above-entitled action, on our oaths do find the defendant not guilty.' "

It is contended that this instruction was equivalent to telling the jury that the defendant could not be convicted of petit larceny, but was guilty of grand larceny or nothing. The evidence for the state shows that the crime of grand larceny had been committed; that for the defendant was to the effect that he was guiltless of any offense whatever. The jury declined to believe him, and, if they were to find him guilty of any crime, grand larceny was the only one shown by the evidence. The verdict of petit larceny could only have been found in some arbitrary assumption

not supported by testimony. But, even were there evidence justifying a verdict of petit larceny, it was incumbent upon defendant to ask for it, and, in the absence of such request, it was not error for the court to omit it. *Douglas* v. *State,* 26 Ariz. 327, 225 Pac. 335; *Uren* v. *State,* 27 Ariz. 491, 232 Pac. 398, just decided.

The foregoing disposes of all the points necessary for our consideration. Finding no reversible error in the record, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.