[Criminal No. 760. Filed December 31, 1931.]

[6 Pac. (2d) 421.]

BEN O'BRIEN and FLORENCE COLE O'BRIEN, Appellants, v. STATE, Respondent.

Mr. Herman Lewkowitz, for Appellants.

Mr. K. Berry Peterson, Attorney General, Mr. Renz L. Jennings, Assistant Attorney General, and Mr. Lloyd J. Andrews, County Attorney, for the State.

ROSS, J.—Ben O'Brien and Florence Cole O'Brien, having been convicted of first degree arson, prosecute this appeal.

They predicate error on the court's refusal to sustain their plea of former jeopardy by reason of the following facts: Upon an information alleging the same acts as charged in the present information as constituting their offense, a jury was sworn and impaneled to try the case, and, after the introduction by the prosecution of some evidence to sustain the charge, on the motion of the county attorney the court ordered the information dismissed, whereupon the present information was filed, on which defendants were arraigned and tried.

These facts would constitute a perfect plea of former jeopardy providing the first information stated facts sufficient to constitute the offense of arson. "Arson" is defined by the statute (section 4744, Rev. Code 1928) as "the willful and malicious burning of a building with intent to destroy it." The first information failed to allege the very essential ingredient of "intent to destroy" and clearly insufficiently described the crime of arson. It charged no offense. The words "with intent to destroy" are a part of the description of the offense of arson, and there can be no such offense in the absence of intent to destroy. Under a statute like ours, California has held an information not alleging the intent to destroy states no offense. *People* v. *Mooney,* 127 Cal. 339, 59 Pac. 761 (approved 132 Cal. 13, 63 Pac. 1070). One of the essentials of legal jeopardy is that defendant be put upon trial upon a valid indictment or information. 16 C. J. 237, § 364. A conviction under the first information could not have been sustained because the defect was one of substance.

It is next insisted that there is a fatal variance between the description in the information of the building claimed to have been burned and the proof. The information located and described the building as a certain frame and brick building known as the Burbank Rooms, situate at No. 28 South Second Avenue, in Phoenix, in part occupied at the time of the fire by one August Volchiff and others. According to the evidence there was a barber-shop and a restaurant on the ground floor of the building: one numbered 26½ and the other 28, South Second Avenue. The second story was occupied by the Burbank Rooms, owned and operated by defendants. A stairway to the Burbank Rooms was between the barber-shop and restaurant with the number "28" over it. The fire originated in the Burbank Rooms. It seems that the

restaurant and the Burbank Rooms were identified by the number "28" and that the building was in fact known, as alleged in the information, as the Burbank Rooms. A mere statement of the evidence refutes this assignment.

The defendants were the lessees of the second story of the building and were operating it as a rooming-house. They owned the equipment or personal property therein, upon which they carried $3,000 in insurance. They also carried a $1,000 policy of insurance, recently taken out, upon their personal effects, such as jewelry, clothing, etc. The court permitted the prosecution to show these facts and defendants assign it as error. As we understand defendants' contention, it is that if the prosecution wanted to show defendants burned the property for the insurance, the information should have been drawn under section 4795 instead of section 4744. These two sections define entirely different offenses. Section 4744 is the arson statute, and section 4795 is a statute to punish persons who burn, or in any other manner injure or destroy, property, either personal or real, to defraud the insurer. This same contention was made in *People* v. *Fong Hong*, 120 Cal. 685, 53 Pac. 265, and the court there said:

"The proposition contended for seems to be that a man may feloniously burn a building not his own, and yet not be guilty of arson if he does it with intent to defraud an insurance company; and that in such case he must be prosecuted under the provisions of section 548 of the Penal Code. But this is not the law. If certain acts constitute arson in all other respects, the crime committed is arson, whether the motive be gain, or revenge, or any other kind of malicious mischief. The main purpose of section 548 is to make criminal certain wrongful and malicious acts which do not constitute arson. Arson can only be committed on a 'building.' " (The sections referred

to in the opinion as 452 and 548 are practically the same as our sections 4744 and 4795.)

The evidence was properly admitted to show a motive on the part of defendants to burn the property and thereby obtain the insurance. *O'Daniel* v. *State,* 188 Ind. 477, 123 N. E. 241, 124 N. E. 492; *State* v. *Berkowitz,* 325 Mo. 519, 29 S. W. (2d) 150.

Defendants complain because the court did not submit to the jury a form of verdict for second degree arson. If the defendants were guilty of arson at all, under the evidence it is of the first degree as defined by section 4745, Revised Code of 1928. All the evidence shows that the burning was of an inhabited building, in which at the time was August Volchiff, a human being, and that the burning occurred in the night-time, to wit, about 1:20 A. M. In the absence of some evidence showing or tending to show second degree arson, the court was right in withholding that form of verdict from the jury. *Singh* v. *State,* 35 Ariz. 432, 67 A. L. R. 129, 280 Pac. 672.

Besides, if there was evidence in the record to support a verdict of second degree arson, it appears defendants would be in no position to urge error because of the court's failure to submit that form of verdict. The record shows that the court submitted just two forms of verdict, that of guilty in the first degree and not guilty, in response to defendants' motion.

Defendants complain because of the court's refusal to give the following instruction:

"The court instructs the jury that in proving the cause of the fire it is incumbent upon the State to prove that the fire was not caused by natural or accidental causes, and that the burden is not upon the defendants at any point in the trial to prove the cause of the fire."

This instruction states the correct rule. But it was not error to refuse to give it because the court had

already amply covered the proposition in its own instructions.

Finally, the defendants complain that the verdict is contrary to the law and the evidence. The evidence was almost entirely, as is usual in this kind of cases, circumstantial. The fire was of incendiary origin and many of the circumstances pointed to defendants as the guilty parties. They denied the charge and testified that they were in another place at the time of the fire. It was for the jury to decide which way the scales turned.

Under the law the judgment will have to be affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.