372 P.2d 329

STATE of Arizona, Appellee,

v.

Cleve Robert BUNDY, Appellant.

No. 1211.

Supreme Court of Arizona,

En Banc.

June 20, 1962.

Hash & Bernstein, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., for appellee.

BERNSTEIN, Chief Justice.

Defendant was tried and convicted on a charge of Receiving Stolen Property of the value of more than $50, a felony. The state's principal witness, defendant's seventeen year old cousin, Kenneth, testified that the defendant came to his house on November 29, 1960, and asked him if he knew of any place where they could make some fast money. Kenneth indicated he knew of a place, and defendant and the youth drove to an apartment near 15th Avenue and Camelback in Phoenix. The defendant parked the car "down a little ways" from the apartment while Kenneth went in. The apartment belonged to a jeweler and

Kenneth had previously been in it in the company of the jeweler's son, a school friend. On that occasion, Kenneth had observed the location where a key to the back door was kept, over an outside water heater. Kenneth took this key, entered the apartment, and returned to the defendant's car with two watches, a gold ring, and several other items of jewelry. The two then drove to Glendale where defendant attempted to sell one of the watches at a pawn shop. The clerk in this shop indicated that the watch was too valuable for them to handle and recommended a shop on Central Avenue in Phoenix. At defendant's bidding, Kenneth threw all of the items taken from the apartment except the two watches and the ring into a canal because they weren't very valuable. The two then returned to Kenneth's home, where the defendant indicated that they should wait until things cooled off before trying to sell the items they had retained. Kenneth then gave the watches and ring to the defendant in exchange for $10 and a promise of $10 later.

The defendant testified that he had gone over to his cousin's home on the day indicated, and had driven him to 19th Avenue and Camelback on an errand. He denied taking Kenneth to the apartment or going to Glendale. Defendant testified that he loaned Kenneth $10 "for a couple of days" and took the two watches and the ring as security. Defendant stated that Kenneth

didn't tell him where he got the jewelry and that defendant didn't ask him. When he learned from Kenneth's mother that his cousin had been taken into custody for breaking into an apartment, the defendant called the County Attorney's office and turned the watches and the ring over to a representative of that office.

The defendant makes five assignments of error going to four claimed grounds for reversal of the judgment.

It is first contended that the trial court should have granted a motion to quash the information or a motion for a directed verdict at the end of the evidence, because the information was so indefinite and uncertain in regard to the description of articles received by defendant that defendant could not plead former jeopardy, should he at some later time be tried for receiving the same property.

Two decisions in this jurisdiction support the general proposition upon which defendant relies. In State v. Kuhnley, 74 Ariz. 10, 242 P.2d 843 (1952), an information charging the receipt of stolen property consisting of two sewing machines, a saw, a radio, and two typewriters was held fatally defective since it failed to set out the serial numbers and trade names of the property. There the court noted, "The county attorney with a minimum of effort could have ascertained these identification marks and described the property so that there

would be no doubt as to which property the defendant was charged with receiving * * *.", 74 Ariz. at 16, 242 P.2d at 847.

Quite recently we have applied this same rule in the case of State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962), where the defendant was charged with receiving stolen property consisting of "personal property belonging to one Lavonne Gillespie," without any indication of nature or value. This information was also held fatally defective.

■ In the case at bar, the property was described as "one braille man's watch, one Hamilton ladies' watch, and one gold ring, of the value in excess of Fifty Dollars in lawful money * * *." Here, in contrast to the Kuhnley case, trade names of the items which bore such were given, and the type of watch was indicated by the designation "man's" or "ladies'." Testimony in the case indicated that many watches do not have serial numbers. We conclude that this description does not suffer from the same degree of indefiniteness as those considered in the Kuhnley and Corvelo cases, supra, and hold that it is not fatally defective under the rule of those cases.

■ Defendant's contention that the information is defective for the additional reason that it charges in one count disjunctive allegations requiring different grades and qualities of proof is without merit since the information charged the crime in

the language of the statute, A.R.S. § 13–621, as permitted by 17 A.R.S. Rule Crim. Proc. 115. Moreover, 17 A.R.S. Rule Crim. Proc. 138 permits disjunctive or alternative charges.

The defendant next argues that, since A.R.S. § 13–621, subd. B[1] creates a presumption that the property was stolen and that the person receiving it had knowledge that it was stolen, where the property consists of jewelry and was received from a person under the age of 18 years at other than a fixed place of business, it was error to admit evidence which tended directly to prove the defendant's knowledge that the items were stolen. Where evidence is available to prove the elements of the offense charged, reliance by the state upon the presumption is unnecessary, People v. Fiorito, 413 Ill. 123, 108 N.E.2d 455 (1952). Nor was the testimony of defendant's cousin inadmissible because it tended to show that defendant could have been charged with the theft itself as an accessory. We have twice held that one who induces a thief to steal but who was not himself present at the caption and asportation of the stolen goods may be found guilty of the crime of receiving stolen property, Leon v. State, 21 Ariz. 418, 189 P. 433, 9 A.L.R. 1393 (1920); Reser v. State, 27 Ariz. 43, 229 P. 936 (1924). The defendant did not request an instruction limiting the use of this testimony connecting the defendant with crimes other than that charged, and may not now complain of the court's failure to so instruct, Burgunder v. State, 55 Ariz. 411, 103 P.2d 256 (1940); State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960).

The defendant next urges as a ground of reversal that A.R.S. § 13–621, subd. B, supra note 1, is unconstitutional since it creates a presumption which cannot be sustained by any rational connection between the fact proved (that defendant purchased or received jewelry from a person under the age of 18 years at other than a fixed place of business operated by the minor or his employer) and the ultimate fact presumed (that such property was stolen and that the defendant had knowledge thereof). Defendant cites as authority the case of Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943) wherein the Supreme Court held that a statutory rule which made possession of a firearm or ammunition by any person convicted of a crime of violence presumptive evidence that he received it in interstate commerce could not be sustained under the Fifth and

---

1. "B. If the property consists of jewelry, silver or plated ware, or articles of personal ornament, it is presumptive evidence that such property was stolen and that the person buying or receiving the property had knowledge thereof, if such property was purchased or received from a person under the age of eighteen years, unless the property is sold by the minor at a fixed place of business carried on by the minor or his employer."

Fourteenth Amendments of the Federal Constitution. It was there indicated that the test is whether the inference upon which the presumption is based can be sustained by common experience and the circumstances of life. See also State v. Childress, 78 Ariz. 1, 274 P.2d 333, 46 A.L.R.2d 1169 (1954).

Defendant argues that in our present society, the vast majority of teenage youths have watches and rings, and that while the presumption might have been valid in a bygone era, it cannot be rationally sustained today. This argument overlooks the fact that the statute does not make *possession* of such items by juveniles presumptive evidence that they were stolen, but rather makes *purchase* or *receipt* of these valuables from a juvenile the foundation upon which the presumption is based. Unquestionably, many juveniles possess valuable jewelry, but when a person under 18 attempts to sell jewelry, silverware, or valuable items of personal ornament outside of the usual channels of commerce, the red flag of danger and suspicion is raised. Such attempt calls for an inquiry on the part of the prospective buyer into the authority of the juvenile to make the sale, People v. Seerman, 43 Cal.App.2d 506, 111 P.2d 457 (1941). We conclude that A.R.S. § 13–621 meets the constitutional standard and is not invalid for want of a rational foundation for the presumption which it creates. Cf. Mantell v. Jones, 150 Neb. 785, 36 N.W.2d 115 (1949).

Finally, the defendant contends that the court erred in not permitting the jury to find the defendant guilty of a misdemeanor, which would have been the nature of his crime if the property had been of a value less than $50. The only evidence in the case was that the property was worth approximately $550. Where the state of the evidence will support only a conviction of the higher degree of a crime divided into degrees, or a verdict of acquittal, and the jury could not find the defendant guilty of the lesser degree without making a finding not supported by the evidence, the trial court may properly refuse to submit a verdict form for guilty of the lesser degree, State v. Ransom, 62 Ariz. 1, 152 P.2d 621 (1944); Appel v. State, 28 Ariz. 416, 237 P. 190 (1925); O'Brien v. State, 39 Ariz. 298, 6 P.2d 421 (1931).

There was no error and the judgment is affirmed.

UDALL, V. C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.