405 P.2d 810

**STATE of Arizona, Appellee,**

**v.**

**Harold Travis LYONS, Appellant.**

**No. 1484.**

Supreme Court of Arizona.

En Banc.

Sept. 23, 1965.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, former Atty. Gen., Stirley Newell, former Asst. Atty. Gen., for appellee.

Sydney Block, Phoenix, for appellant.

McFARLAND, Justice.

Appellant, Harold Travis Lyons, and Robert Hollinger Custer, were jointly charged, tried, and found guilty by a jury of the crime of first degree burglary, in violation of A.R.S. § 13–301 and § 13–302. Custer was placed on three-year probation. Appellant was sentenced to a term of not

less than three nor more than four years in the Arizona State Prison. From his conviction and sentence, he appeals.

Appellant and Custer, in the early morning of Sunday, November 3, 1963, gained entry into the Deerhead Inn, 7540 South Central Avenue, Phoenix, through a window in the men's restroom, by forcing the crank-type window open and pushing the inner screen onto the restroom floor. To prevent setting off any alarm system, they cut a hole through the closed, but not locked, restroom door leading into the bar area, and apparently crawled through the opening in the door. Their attempts to prevent an alarm from being set off were to no avail, and sometime between 1:15 or 1:35 a.m. and 2:30 a.m. Sunday, November 3, 1963, a "silent alarm" was set off at the Central Alarm Company, Phoenix. The alarm company then notified both the police and the owner of the Deerhead Inn, Pete S. Palandri. The police arrived prior to Palandri, entered through the restroom window, and apprehended appellant and Custer in the bar area, neither of whom had knowledge that an alarm had been set off. There was a cigarette machine and a juke box in the bar area, and testimony indicated that both were intact at the time the bar was closed. The machines had been forced open, and $43.65 in coins taken therefrom were found by the officers in a paper bag on the bar, along with various tools used to gain access to the building and the machines.

Appellant assigns as error the refusal of the court to give his requested instruction on burglary in the second degree and to submit a verdict on burglary in the second degree. It is his contention that the "lesser degree of crime must be submitted to the jury together with the greater," and for this reason it was the duty of the court to give an instruction thereon and to submit a second-degree verdict to the jury as the evidence did not positively exclude any inference that the lesser crime was committed.

A.R.S. § 13–302 defines burglary as follows:

"B. Burglary committed in the nighttime is burglary of the first degree, punishable by imprisonment in the state prison for not less than one nor more than fifteen years. Burglary committed in the daytime is burglary of the second degree, punishable by imprisonment in the state prison for not to exceed five years."

■ If there is a conflict in the evidence as to whether the act was committed in the daytime or the nighttime, then it would be the duty of the court to instruct the jury and submit verdicts in regard to burglary in both the first and second degree, leaving the question of degree to the jury. State v. Cox, 93 Ariz. 73, 378 P.2d 750.

■ In the instant case there was no conflict in the evidence as to the time of the

commission of the burglary, and all evidence showed it was committed in the nighttime. Therefore, there was no question of degree to submit to the jury. The evidence shows that the owner of the bar, Pete S. Palandri, testified that when he closed the bar he had checked the windows, including the one in the restroom, the doors, and the cash register, and that all were closed at sometime after 1:00 a.m., Sunday, November 3, 1963.

The bartender, William Lamont, testified at a preliminary hearing that he had closed windows, locked doors, and put the burglar alarm on, leaving the premises about 1:35 a.m. Lamont also testified that, to his knowledge, no one was in the bar at the time he left. It is the contention of appellant that there was a conflict in the evidence because it is not clear either as to the time Palandri and Lamont left the bar, or when the bar was closed. Palandri testified that sometimes Lamont stayed with him until he finished closing up, and sometimes he left as soon as they closed, and sometimes they "left together." Palandri testified that on the night of the burglary Lamont was there with him, then he left, and that he, Palandri, "finished closing up." Lamont only testified at the preliminary hearing, and made no reference to Palandri's presence. He stated that he had locked up. It is immaterial as to who locked the door, or whether Lamont left before Palandri. The evidence is clear that the bar was locked, the windows and doors closed, and

that both men had left the premises at approximately 1:35 a.m.

The evidence shows conclusively that the burglary was committed by the entry through the restroom window. Both Custer and appellant were apprehended in the bar shortly after 2:30 a.m. The contention of the counsel for appellant is that there was a conflict between the testimony of Palandri and Lamont; however, it is immaterial as to whether Lamont was with Palandri in every phase of the checking of the building. The evidence shows conclusively that it was checked, and left in the condition as set forth, that there had been an entry through the window in the nighttime— after the hour of 1:35 a.m. and prior to 2:30 a.m.—which clearly placed the burglary in the nighttime.

The only other contention of appellant is that he and Custer had been in the bar on the preceding afternoon, and at that time they may have made plans for the burglary, thus raising an inference of possible burglary at that time. They were not charged with committing burglary in the preceding afternoon, nor does the evidence show that they made any overt act toward the commission of a burglary at that time.

■ There was no question from the evidence to justify an instruction other than on first degree burglary. It is a well-settled principle of law as to submission to the jury of instructions and verdicts for the

**382**

degrees of a crime. If the evidence shows a defendant guilty of the highest degree, or nothing, it is the duty of the court to submit the verdict and instructions for that of the higher degree. The evidence all showed conclusively that the burglary was committed in the nighttime. It was, therefore, the duty of the court to limit the instructions and the verdict submitted to first degree burglary. We stated in State v. Bundy, 91 Ariz. 325, 372 P.2d 329, 99 A.L.R.2d 808:

"Where the state of the evidence will support only a conviction of the higher degree of a crime divided into degrees, or a verdict of acquittal, and the jury could not find the defendant guilty of the lesser degree without making a finding not supported by the evidence, the trial court may properly refuse to submit a verdict form for guilty of the lesser degree, State v. Ransom, 62 Ariz. 1, 152 P.2d 621 (1944); Appel v. State, 28 Ariz. 416, 237 P. 190 (1925); O'Brien v. State, 39 Ariz. 298, 6 P.2d 421 (1931)." 91 Ariz. at 330, 372 P.2d at 332, 99 A.L.R.2d at 812. See also Singh v. State, 35 Ariz. 432, 280 P. 672, 67 A.L.R. 129; Viliborghi v. State, 45 Ariz. 275, 43 P.2d 210.

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and UDALL, JJ., concur.