THOMAS M. AYRE *v.* STATE OF MARYLAND

[No. 646, September Term, 1973.]

*Decided April 22, 1974.*

The cause was argued before ORTH, C. J., and MOYLAN and MENCHINE, JJ.

*William E. Seekford* for appellant.

*John P. Stafford, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *David Jacobs, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

*Amicus Curiae* brief filed by American Civil Liberties Union — Maryland Affiliate, *Barbara Gold* on the brief.

ORTH, C. J., delivered the opinion of the Court.

# I

The fundamental principle of the administration of criminal justice under our judicial processes is that a person accused of crime is presumed to be innocent until proved guilty. "The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *Coffin v. United States,* 156 U. S. 432, 453-454.[1] No person may be convicted and punished except upon evidence sufficient in law to establish beyond a reasonable doubt the *corpus delicti,* that is that the offense was committed as

---

1. *Coffin* traces the history of the presumption from ancient days through its application at common law, see *McKinley's Case,* 33 State Tr. 275, 506 (1817), to modern times. See 1 *Wharton's Criminal Evidence* (13th ed.), § 96; *Hochheimer's Criminal Law* (1st ed.), § 258.

charged, and the criminal agency, that is that the accused committed it. The burden of this proof is upon the State as the accuser. The evidence offered by the State in meeting its burden must have been obtained in a manner neither violative of constitutional rights guaranteed an accused, nor offensive to constitutional prohibitions. The trial at which the evidence is adduced must be fair and impartial, affording due process of the law.

In this scheme of the administration of justice, the vehicle by which a person is formally accused and under which he is prosecuted, plays an important part.[2] It was the ancient rule of the common law, now embodied in the Maryland Declaration of Rights,[3] that the accusation or charge must be such as to enable the accused to prepare his defense, and serve as a bar to future prosecution for the same act. *State v. Lassotovitch*, 162 Md. 147, 155. See *Seidman v. State*, 230 Md. 305; *Byrd v. State*, 16 Md. App. 391. The charge should be full and definite, *State v. Kiefer*, 90 Md. 165, informing the traverser of the whole charge, *Goeller v. State*, 119 Md. 61, characterizing the crime and describing the particular offense, *State v. Wheatley*, 192 Md. 44.[4] See *Mason v. State*, 12 Md. App. 655; *Ward v. State*, 9 Md. App. 583; *Lynch v. State*, 2 Md. App. 546.

In Maryland, criminal prosecutions are not grounded exclusively upon statutory provisions. "[T]he Inhabitants of Maryland are entitled to the Common Law of England * * * ", Art. 5, Declaration of Rights, Constitution of Maryland, and although the General Assembly of Maryland has enacted numerous statutory provisions concerning substantive

---

**2.** A trial for a criminal offense shall be held only on indictment. Maryland Rule 703. Rule 702a provides: " 'Indictment' shall include a grand jury indictment, a criminal information and a charging document as defined in Maryland District Rule 702." Maryland District Rule 702a defines "charging document" to mean "arrest warrant, summons to a defendant, statement of charges, citation, or criminal information."

**3.** The "People of the State of Maryland" declared in Article 21 of the Declaration of Rights, Constitution of Maryland, "That in all criminal prosecutions, every man hath a right to be informed of the accusation against him; to have a copy of the Indictment, or charge, in due time (if required) to prepare for his defence; * * *."

**4.** A bill of particulars forms no part of an indictment, and cannot make an otherwise defective indictment good. *Seidman v. State, supra.*

offenses, resort is also had to the common law as the source and authority for crimes other than those embodied in the statutory array. See *Clark and Marshall, Crimes* (7th ed.), § 104. There is no material distinction with respect to the manner of charging an offense whether the proscribed conduct is a crime at the common law or under a statute,[5] but it is generally sufficient if an indictment for a statutory offense sets out the charge in the words of the statute. *Bryant v. State,* 229 Md. 531; *Byrd v. State, supra; Blondes v. State,* 16 Md. App. 165.[6] There is a caveat to this generalization, however, and it is because the charge in the case before us was drafted in the words of a statute, that we hold it to be defective.

Criminal statutes may create only one crime by proscribing only one act. Code, Art. 27, § 4. Or a statute may create a number of offenses. Code, Art. 27, § 287 (a) (b) (c) (d). Or a statute may create one offense, but specify several different acts, transactions, or means by which it may be committed. Code, Art. 27, § 320. Or a statute may create one offense, and designate a variety of intents with which it is committed. Code, Art. 27, § 286 (a) (1).

It is firmly established that only one offense may be charged in a single count. In other words, an indictment charging two or more substantive offenses in the same count is objectionable as being duplicitous. *Kirsner v. State,* 183 Md. 1; *Jackson v. State,* 176 Md. 399; *Weinstein v. State,* 146 Md. 80; *Mohler v. State,* 120 Md. 325.[7] This rule has been recognized in the Maryland Rules of Procedure and the

---

**5.** Common law offenses are usually charged as being "against the peace, government and dignity of the State." When the offense is a statutory one there is added, "contrary to the form of the Act of Assembly, in such case made and provided." See Md. Rule 712 d.

**6.** The language used to charge a violation of a statutory offense, however, need not be in the exact language of the statute. *Beasley v. State,* 17 Md. App. 7.

The Legislature at times sets out the wording of an indictment and provides that it shall be sufficient to use a form substantially to that effect. See, for example, Code, Art. 27, §§ 19, 31, 40, 130, 487, 489. And see Code, Art. 27, subtitle "Indictments", §§ 605-616.

**7.** The rationale is that the object of all pleading, civil and criminal, is to present a single issue in regard to the same subject matter; hence it is against this fundamental rule to permit two or more distinct offenses to be joined in the same count. *State v. Warren,* 77 Md. 121.

Maryland District Rules. The provisions of Md. Rule 716a and M.D.R. 716 a that different offenses are to be charged in a separate count for each offense, even though they may be charged in the same charging document,[8] is mandatory. Thus, neither two or more common law offenses nor two or more statutory offenses may be charged in the same count.[9]

When a statute creates an offense and specifies several different acts, transactions, or means by which it may be committed, an indictment for violation thereof may properly allege the offense in one count by charging the accused in conjunctive terms with doing any or all of the acts, transactions, or means specified in the statute. This is the rule of *Leon v. State*, 180 Md. 279, 286 as construed in *Morrissey v. State*, 9 Md. App. 470, 475-476. See *Bonneville v. State*, 206 Md. 302; *Sturgill v. State*, 191 Md. 75; *Thomas v. State*, 173 Md. 676; *Reynolds v. State*, 141 Md. 637; *Pritchett v. State*, 140 Md. 310; *Stearns v. State*, 81 Md. 341. See also 41 Am. Jur. 2d, *Indictments and Informations*, § 213. We said in *Morrissey*, at 476:

> "While the rule is that an indictment or information should not charge the commission of two or more substantive offenses in the same count, it is not objectionable to charge in one count [in conjunctive terms] several related acts which enter into and constitute one offense, although when separately considered they may be distinct offenses. * * * Thus, if the acts alleged are of the same nature and so connected that they can be construed as stages in one criminal transaction, they may be joined in one count, although

---

**8.** Md. Rule 716 a provides: "Two or more offenses may be charged in the same indictment in a separate count for each offense." M.D.R. 716 a is to like effect: "Two or more offenses may be charged in the same charging document in a separate charge for each offense."

**9.** The only apparent exception is assault and battery, crimes under the common law, which are invariably charged in one count. As was pointed out in the concurring opinion of Orth, J. in *Massey v. State*, 7 Md. App. 615, 619, every battery includes an assault, so that on an indictment for assault and battery one may be convicted of assault only. See Hawkins, *Pleas of the Crown*, c. 15, § 2.

separately considered they are separate offenses." [10]

See 4 *Wharton's Criminal Law and Procedure,* § 1798.

## II

THOMAS M. AYRE was arrested under a warrant purporting to charge a violation of Code, Art. 27, § 418, issued 10 November 1972 upon the sworn application of a member of the Baltimore City Police Department.[11] When the warrant came on for trial in the District Court of Maryland on 20 November 1972, Ayre prayed to be tried by a jury. He was arraigned under the warrant on 20 August 1973 in the Criminal Court of Baltimore and submitted under a plea of not guilty with the "Issue before Sworn Jury." Trial commenced the same day. The jury returned a verdict of guilty on 21 August, and he was fined $1000 and costs. Code, Art. 27, § 424. He noted a timely appeal.

Prior to trial on the merits, Ayre filed a motion to dismiss the warrant. Md. Rule 725 b. One of the grounds for the motion, as now presented on appeal, was "The warrant is facially invalid for charging multiple offenses in the disjunctive within a single warrant and count thereof."

Code, Art. 27, § 418, reads:

> "Every person who knowingly sends or causes to be sent, or brings or causes to be brought, into this State for sale or distribution, or in this State prepares, publishes, prints, exhibits, distributes, or offers to distribute, or has in his possession with intent to distribute or to exhibit or offer to distribute, any obscene matter is guilty of a misdemeanor."

---

**10.** We deal with the charging of the violation of a statute which creates one offense and designates a variety of intents with which it is committed in *State v. Beers,* 21 Md. App. 39.

**11.** The warrant contained a description of the accused but he was not named therein. It bore a notation that the defendant was known to the affiant, "who will serve warrant." See M.D. Rule 706 e 1.

The warrant, as a "Concise statement of essential facts constituting offense charged", set out:

> "Did knowingly send or cause to be sent or bring or cause to be brought into this State for sale or distribution or in this State prepares, publishes print exhibit distributes or offer to distribute or has in his possession with intent to distribute or to exhibit or offer to distribute any obscene matter"

It then states: "The said defendant is hereby formally charged with violation of Code, Art. 27, Sec. 418, contrary to the form of the Act of Assembly in such case made and provided and against the peace, government and dignity of the State." All as to the "formal charge" is printed as part of the warrant form except the numbers of the Code article and section which are filled in by hand. See M.D. Rule 706 e.

An application for an arrest warrant is made in writing, signed by the applicant upon oath before a judicial officer,[12] M.D. Rule 706 a, who shall issue it, except where he is required or permitted to issue a summons, if it appears to him that there is probable cause to believe that a crime has been committed and that the accused has committed it, M.D. Rule 706 c 1. "Before issuing a warrant, the judicial officer may seek the advice of the State's Attorney with respect to the offense charged", *idem*, but we think it patent that here such advice was not sought, at least with respect to the drafting of the charge. Nor did the State's Attorney, when the case was transferred to the Criminal Court of Baltimore, seek a grand jury indictment or file a criminal information to supplant the warrant.

The Rules call for the warrant to contain "a plain, concise and definite statement of essential facts constituting each offense charged, and each formal charge placed against the defendant." M.D. Rule 706 e 2. See Md. Rule 712 a. As drawn, the warrant in this respect followed neither the letter nor the spirit of the Rule. The "plain, concise and

---

**12.** " 'Judicial officer' means a District Court judge or commissioner." M.D. Rule 702 f.

definite statement of essential facts" consisted of an inartful attempt merely to repeat the provisions of the statute. The question is whether the warrant was therefore "fatally defective".

Code, Art. 27, § 418, in a short paragraph, appears to create 15 separate offenses with respect to obscene matter, which itself, by definition, has a very wide range.[13] A person [14] is guilty of a misdemeanor with respect to such matter, if he knowingly: [15]

1) sends it into this State for sale;
2) sends it into this State for distribution; [16]
3) causes it to be sent into this State for sale;
4) causes it to be sent into this State for distribution;
5) brings it into this State for sale;
6) brings it into this State for distribution;
7) causes it to be brought into this State for sale;
8) causes it to be brought into this State for distribution;

in this State:

9) prepares it;
10) publishes it;
11) prints it;
12) exhibits it;
13) distributes it;

---

**13.** " 'Matter' means any book, magazine, newspaper, or other printed or written material or any picture, drawing, photograph, motion picture, or other pictorial representation or any statue or other figure, or any recording, transcription or mechanical, chemical or electrical reproduction or any other articles, equipment, machines or materials." Code, Art. 27, § 417 (1).

**14.** " 'Person' means any individual, partnership, firm, association, corporation, or other legal entity, but shall not be construed to include an employee of any individual, partnership, firm, association, corporation, or other legal entity operating a theatre which shows motion pictures if the employee is not an officer thereof or has no financial interest therein other than receiving salary and wages." Code, Art. 27, § 417 (2).

**15.** " 'Knowingly' means having knowledge of the character and content of the subject matter." Code, Art. 27, § 417 (4).

**16.** Apparently "distribution" may include a sale. " 'Distribute' means to transfer possession of, whether with or without consideration." Code, Art. 27, § 417 (3). On the other hand, there may be a "sale" without actual transfer of possession at the time.

14) offers to distribute it;
15) has it in his possession with intent:
    (a) to distribute; or
    (b) to exhibit; or
    (c) to offer to distribute.

In charging the jury the trial court gave the usual instructions as to their advisory nature, and with respect to the credibility of the witnesses, the weight of the evidence, the burden of proof, and the unanimity of the verdict. A major part of the charge dealt with the meaning and nature of obscenity. Only in passing were the charges against Ayre mentioned, and then quite casually.[17] Discussing obscenity, the court remarked: "In order to convict the Defendant for possessing for sale or selling obscene film, the State must prove beyond a reasonable doubt that the Defendant has knowledge that the subject film was obscene and had the intent to violate the law." Later, during a discussion of contemporary community standards, the court interjected: "The word distribution as used in the charge for which the Defendant is now standing trial deals with the transfer of possession with or without consideration." In voicing objections to the instructions, defense counsel took issue with the mention of the charge by pointing out that "this Defendant has been charged not with distribution but with some twenty-one separate offenses [18] and distribution being the only instruction that would enter on that particular charge." It is apparent that the jury instructions were not adequate to indicate to the jury the precise crimes with respect to which they were to determine Ayre's guilt or innocence on the evidence. The jury's verdict was simply "Guilty". Ayre may fairly ask of what crime he was convicted.

### III

We believe that Code, Art. 27, § 418 creates separate

---

**17.** The court never referred to the warrant. At one point it said: "The return of the indictment by the Grand Jury raises no presumption of guilt on the part of the Defendant. It is merely a formal charge to place the Defendant on trial."

**18.** The record does not disclose how counsel arrived at 21 separate offenses.

offenses. On this basis, the warrant was fatally defective because it lumped all the offenses in one charge rather than having a separate charge for each offense. But even if the statute be deemed to proscribe one offense, specifying different acts, transactions, or means by which that offense may be committed, the warrant was still defective. Although, on such premise, the offense could be contained in one charge, the various acts, transactions, or means would have to be set out in the conjunctive. Here they were stated in the disjunctive, and that kind of alternative pleading is manifestly improper.

We find that the warrant was invalid as drawn. We hold, therefore, that the trial court erred in denying the motion to dismiss.

In view of our holding we leave the other questions presented by Ayre to another time.[19]

We are constrained, however, to make a further observation concerning the charging document here. As we have indicated, the Maryland Rules and the Maryland District Rules contain a similar provision. Md. Rule 712 a declares: "An indictment shall contain a plain, concise and definite statement of the essential facts constituting the specific offense with which the defendant is charged." M.D.R. 706 e 2 prescribes that a warrant, summons and statement of charges shall contain "a plain, concise and definite statement of essential facts constituting each offense charged * * *." We noted that, as drawn, the warrant here followed neither the letter nor the spirit of the Rule. We think it the better practice for the charging document to designate the materials involved in an alleged violation of Code, Art. 27, § 418 with more specificity than is afforded by the generic term "matter", so all encompassing even within the express definition of the statute.

> *Judgment reversed; costs to be paid by the Mayor and City Council of Baltimore.*

---

**19.** This leaves substantial and important questions regarding the present status of the law of obscenity unanswered. We shall determine them when we are able to do so authoritatively rather than by dictum. But see *Ebert v. Maryland State Board of Censors,* 19 Md. App. 300.