JAMES HOWARD THOMPSON *v.* STATE OF MARYLAND

[No. 766, September Term, 1974.]

*Decided June 2, 1975.*

The cause was argued before ORTH, C. J., and MASON J., and ROBERT C. MURPHY, Chief Judge of the Court of Appeals of Maryland, specially assigned.

*Benjamin Lipsitz,* with whom was *Eleanor J. Lipsitz* on the brief, for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Marshall H. Feldman, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MURPHY, J., delivered the opinion of the Court.

Maryland Code (1970 Repl. Vol.) Art. 66 ½, § 11-902 provides, in subsection (a), that it shall be unlawful to drive any vehicle while "in an intoxicated condition"; subsection (b) makes it unlawful for any person to drive any vehicle when "his driving ability is impaired by the consumption of alcohol." Section 16-104 entitled "Lesser included offenses" provides that "[i]t shall be sufficient to charge any person with a violation of . . . § 11-902 (driving while intoxicated [or] impaired . . .) and the court is empowered to make a finding under any subsection of . . . § 11-902." The penalty for violating § 11-902 (a) (drunken driving) may exceed three months' imprisonment; the penalty for violating § 11-902 (b) (driving while impaired) is a fine of not more than $500.00. § 17-101 (b)(i)(ii). Under Code (1974) Courts and Judicial Proceedings Article, § 4-301, the District Court is vested with exclusive original jurisdiction in cases charging violations of § 11-902 of Art. 66 ½. Under § 4-302 (d)(1) of the Courts Article, the District Court "is deprived of jurisdiction if a defendant is entitled to and demands a jury

trial at any time prior to trial in the District Court." Under § 4-302 (d)(2), a defendant may demand a jury trial if the penalty for the offense with which he is charged permits imprisonment for a period in excess of three months.

On March 23, 1974, a Baltimore City Police Officer issued two traffic citations to the appellant Thompson. In the first citation, Thompson was charged with "driving with ability impaired or intoxicated" in violation of "§ 11-902." In the second citation, he was charged with "driving and skidding, spinning wheels" in violation of § 11-1117 of Art. 66 ½. On June 24, 1974, when Thompson appeared for trial in District Court, he demanded a jury trial. As a result, the District Court was divested of jurisdiction and jurisdiction became vested in the Criminal Court of Baltimore. *See* Courts Article, § 1-501; Maryland District Rule 5 (d); *Wilson v. State*, 21 Md. App. 557, 321 A. 2d 549 (1974); and *Smith v. State*, 17 Md. App. 217, 301 A. 2d 54 (1973). When the case was called for trial in the Criminal Court on July 11, 1974, the State's Attorney entered a nolle prosequi to the charge of driving while intoxicated (§ 11-902 (a)) — the only charge against Thompson which carried a penalty of imprisonment in excess of three months. Thompson thereafter moved to dismiss the citation charging violations of § 11-902 on the ground that it violated "the requirement that a traffic charge set out with reasonable definitiveness the basis of an accusation" and because the citation charged alternative offenses and was duplicitous. After the court denied this motion, Thompson demanded that he be afforded a jury trial on the remaining charges. He also contended that because the State had entered a nol pros to the drunken driving charge — the offense which "triggered" the Criminal Court's jurisdiction — the case should be returned to the District Court for trial. Finding no merit in Thompson's contentions, the Criminal Court heard the case without a jury. It found Thompson not guilty of the spinning wheels charge but convicted him of driving while impaired.

On appeal, Thompson contends:

(1) that he was denied his statutory right to a jury trial;

(2) that the Criminal Court was without jurisdiction to decide the case;

(3) that the Criminal Court "deprived him of a form of trial . . . or of a mode of appellate review assured him by Maryland statutes . . . and thus denied him due process";

(4) that the citation charging violations of § 11-902 was defective because it set out alternative charges and was duplicitous; and

(5) that there was insufficient evidence to support a finding that Thompson's ability to drive was impaired by consumption of alcohol.

Thompson argues that the provisions of § 4-302 of the Courts Article fix the place where the type of trial (jury or nonjury) is to be determined, viz., in the District Court; the time when the demand for a jury trial must be made, viz., "at any time prior to trial" in that court; the party who may demand a jury trial, viz., only the defendant; and the criterion which controls the right to jury trial, viz., the penalty for the offense charged. This statutory design is defeated, Thompson contends, if the State is permitted, after a jury trial is demanded and the case removed to the Criminal Court, to nol pros the only charge carrying a penalty in excess of three months and thereby deny a jury trial on the remaining charges. The State argues, on the other hand, that its action in nol prossing the drunken driving charge in no way conflicted with the statutory scheme of § 4-302 (d) because the penalty to which Thompson was ultimately subject constituted the sole determinant of his entitlement to a jury trial. Thompson had no right to a jury trial, the State contends, because he was not subject to a penalty in excess of three months' imprisonment. Focusing on the case as it was set for trial in the Criminal Court, rather than as it may have existed in the District Court, provides what we think is a commonsense approach to ascertaining the legislative intent underlying the enactment of § 4-302. While this section clearly provides a right to jury trial for offenses carrying a penalty of imprisonment in excess of three months, it plainly makes no

provision for a jury trial for lesser offenses. By focusing on the provisions of § 4-302 (d)(1) dealing with District Court jurisdiction and the procedure for demanding a jury trial, Thompson would ignore the clear implication of § 4-302 (d)(2) which establishes the criterion for determining when a defendant may be entitled to a jury trial. Absent a charge carrying a penalty in excess of three months' imprisonment, Thompson was not entitled to a jury trial.

Thompson advances the alternative argument that when the State entered a nolle prosequi to the drunken driving charge, it not only removed the basis for his entitlement to a jury trial but also divested the Criminal Court of jurisdiction to hear the remaining charges. We disagree. Under § 4-302 (e) of the Courts Article, the Criminal Court has exclusive original jurisdiction of offenses "otherwise within the District Court's jurisdiction if a person is charged with an offense or offenses arising from the same circumstances but not within the District Court's jurisdiction." Thus, when Thompson demanded a jury trial on the drunken driving charge, the District Court was deprived of jurisdiction not only over that charge, but also over the driving while impaired and spinning wheels charges. Once the Criminal Court properly acquired jurisdiction, the subsequent entry of the nol pros had no effect on the continuance of its jurisdiction to decide the remaining charges. In *Gray v. State,* 6 Md. App. 677, 253 A. 2d 395 (1969), a juvenile was indicted for murder, a capital offense, but convicted only of manslaughter, a noncapital and lesser included offense. Because the juvenile court would have had original jurisdiction of the manslaughter charge, Gray argued that the jury's verdict deprived the circuit court of jurisdiction. We held, however, that

> "once a court lawfully acquires jurisdiction over the person and the subject matter of the litigation, subsequent events will not ordinarily deprive the court of its jurisdiction, although had they existed at the time, they may have initially precluded the court's jurisdiction."
> 6 Md. App. at 682.

Although the entry of a nol pros to the drunken driving charge, had it occurred before Thompson demanded a jury trial in the District Court, would have precluded the Criminal Court from acquiring jurisdiction, it had no effect on the jurisdiction of that court once it had lawfully attached. *Compare Dill v. State,* 24 Md. App. 695, 332 A. 2d 690 (1975).

Thompson argues that the lower court denied him due process of law by depriving him of a form of trial or of a mode of appellate review guaranteed by Maryland statutes. Specifically, Thompson contends that he was "entitled to rely on his continued entitlement to the jury trial which he demanded in the District Court," but "the lower court in effect changed the rules on him in the middle of the game"; and that had he been originally tried in the District Court, he would have been entitled to a second de novo nonjury trial in the Criminal Court before a different judge. Thompson relies on *Spencer v. State,* 20 Md. App. 201, 314 A. 2d 727 (1974), a case in which we held that the "arbitrary and unexplained action" of a court clerk in skipping names on a jurors' list after both the State and the defendant had exhausted their peremptory challenges amounted to a violation of due process. There we said:

> "In the wise expending of his available peremptory challenges, a defendant is entitled to the expectation that the rules which have, in practice, been operating will not *strangely* cease to operate once his options have been exhausted. That expectation was *arbitrarily* denied the appellant at bar." (Emphasis added.)
> 20 Md. App. at 209.

The arbitrariness condemned in *Spencer* is not present in this case. Nothing demonstrably arbitrary occurred by reason of the State's action in entering a nol pros to the drunken driving charge. It may have decided that it lacked sufficient evidence to proceed on that charge. But for whatever reason the charge was nol prossed, that action was committed to the discretion of the State's Attorney. *See*

*Greathouse v. State,* 5 Md. App. 675, 249 A. 2d 207 (1969). Nor do we think the lower court was arbitrary or unreasonable in denying Thompson a jury trial or in declining to remand the case to the District Court. As we have indicated, the court's action was entirely consistent with the law. Of course, entry of the nol pros was to Thompson's benefit. While he did not have two de novo trials on the remaining charges, with the right of discretionary review by this court (Courts Article, §§ 12-305 and 12-401), he nevertheless was afforded the instant direct appeal as a matter of right (§ 12-301), which he would not otherwise have had if he had been tried originally in the District Court. We see no denial of due process in the circumstances of this case.

Thompson next contends that the traffic citation charging him with "driving while ability impaired or intoxicated" was defective because it was not sufficiently definite, imposed charges in the alternative, and "since two separate potential charges are recited in a single 'count,'" is "clearly duplicitous." The State acknowledges that charging two substantive crimes in the alternative in one count is impermissible where the offenses grow out of different transactions and involve different intents, but not when a count charges two or more offenses involving the same intent as § 11-902.

It is clear that drunken driving and driving while impaired each bears its own penalty. Under § 16-104, it is "sufficient to charge any person with a violation of . . . § 11-902 (driving while intoxicated [or] impaired . . .) and the court is empowered to make a finding under any subsection of . . . § 11-902." We think that if, under § 16-104, it is permissible to charge any offense under § 11-902 by reference alone to that statute, it is likewise permissible to allege in the disjunctive in one count the charges of drunken driving and driving while impaired. We are of course aware of the well-established rule of pleading that when a statute creates an offense and specifies several different acts, transactions, means or intents by which it may be committed, a charging document, alleging such in one count

must do so conjunctively and not disjunctively, *Ayre v. State*, 21 Md. App. 61, 318 A. 2d 828 (1974); *State v. Beers*, 21 Md. App. 39, 318 A. 2d 825 (1974), and that disjunctive allegations in one count of different acts, transactions, means and intents is ordinarily a defect which cannot be cured by amendment. *State v. Beers, supra*, 21 Md. App. at 44. However, this rule can be changed by statute, subject to due process limitations, as was done by enactment of § 16-104. *See State v. Rand*, 231 So. 2d 31 (Fla. App. 1970) and *State v. Bundy*, 91 Ariz. 325, 372 P. 2d 329 (1962).[1]

We see no due process violation in requiring Thompson to stand trial on the driving while impaired charge. The reasons for the disjunctive/conjunctive rule are twofold:

> "The first is that the defendant is entitled to be informed with certainty of the offense with which he is charged; the second is that he should be enabled to show, in the event of a subsequent prosecution, that he has previously been convicted or acquitted of the same offense." *Bonneville v. State*, 206 Md. 302, 310-11, 111 A. 2d 669, 672 (1955).

When the State entered a nol pros to the drunken driving charge, it removed whatever fair-notice problems that may have existed. The offenses of driving while intoxicated or impaired differ only in the grade of proof required to support a conviction. Quite obviously, Thompson was not hampered in preparing to defend the driving while impaired charge. And in the event of subsequent prosecution, Thompson would have no difficulty in demonstrating his previous conviction of the remaining offense.

Finally, we find no merit in Thompson's contention that

---

1. For example, in *Bundy*, the Supreme Court of Arizona said:

    "Defendant's contention that the information is defective for the additional reason that it charges in one count disjunctive allegations requiring different grades and qualities of proof is without merit since the information charged the crime in the language of the statute, A.R.S. § 13-621, as permitted by 17 A.R.S. Rule Crim. Proc. 115. Moreover, 17 A.R.S. Rule Crim. Proc. 138 permits disjunctive or alternative charges."
    372 P. 2d at 331.

the evidence was insufficient to support his conviction of driving while impaired. Officer Marrow testified that he stopped Thompson after observing his car accelerating as it made a right-hand turn. This, he said, caused Thompson's wheels to spin. Upon asking Thompson for his driving license and registration, Marrow said he "fumbled through his wallet and placed a card beside him on the front seat." Marrow asked to see the card which he incorrectly suspected to be lottery play, but Thompson objected and hurled an expletive at the officer. Officer Marrow testified that Thompson

> "came out of the automobile. He was very loud about me asking him about the card. He said it was personal. And I watched his actions and mannerisms. He was swaying while he was talking to me, at times he was leaning up against his automobile. So I stepped closer to Mr. Thompson and I could smell a faint odor, moderate odor of alcohol on his breath."

When the officer advised Thompson he was under arrest for driving while intoxicated, Thompson stated he was not under arrest and was not going anywhere. He then jumped back into the car and shut the door. Before Thompson was removed from the car and subdued, it took four additional officers and a burst of mace.

From this evidence, the lower court concluded that "the Defendant's conduct can only be explained by consumption of alcohol." On the record before us, we cannot say that the judgment of the lower court was clearly erroneous. Maryland Rule 1086.

*Judgment affirmed; costs to be paid by appellant.*