SAMUEL LEE ROYSTER *v.* STATE OF MARYLAND

[No. 1088, September Term, 1975.]

*Decided June 29, 1976.*

160

The cause was argued before ▌ORTH, C. J., and POWERS and MOORE, JJ.

*Robert S. Sherman* for appellant.

*Albert Gallatin Warfield, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *James Salkin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

▌ORTH, C. J., delivered the opinion of the Court.

## STATEMENT OF THE CASE

On 28 June 1975 Samuel Lee Royster was issued a traffic citation. It charged that he "did unlawfully violate Article 66½, § 11-902" by "driving while intoxicated." Prior to trial in the District Court he demanded a jury trial, and the case was transferred to the Criminal Court of Baltimore. He was arraigned on 17 August 1975 and prayed a trial by jury. Trial was set for 22 September. On that date the trial was postponed by "mutual agreement" and scheduled for 4 November.[1] The transcript of the proceedings shows what transpired when the case came on for trial:

> "MR. SALKIN [James Salkin, Esq. Assistant State's Attorney]: At this time, Your Honor, the State will call the case of Samuel Royster as to driving while impaired, warrant number 47504115.
>
> THE CLERK: Samuel Royster under warrant 47504115 the State of Maryland charges you with driving while impaired.

---

1. This is all according to the docket entries, Warrant Docket 1975, May Term, Number 47504115.

MR. SHERMAN [Robert Sherman, Esq., Defense Counsel]: The plea would be not guilty. The appearance of Robert Sherman entered.

THE COURT: He is not entitled to a jury trial.

MR. SHERMAN: I understand that because the State is only calling B although there is an A charge in this case." [2]

The trial proceeded without a jury. The verdict of the court was guilty.[3] The sentence was 60 days in the Baltimore City Jail. Royster appealed.

## ISSUE FOR DECISION

Royster does not challenge the propriety of the State's prosecuting him under § 11-902 (b). Section 16-104 of Art. 66½ provides:

"It shall be sufficient to charge any person with a violation of § 11-901 (reckless and negligent driving) and § 11-902 (driving while intoxicated, impaired or under the influence of drugs) and the court is empowered to make a finding under any subsection of either § 11-901 or § 11-902."

The citation charged him with violating § 11-902 without designating a subsection, although it expressed the charge as "driving while intoxicated." See *Insley v. State*, 31 Md. App. 46 (1976). He claims that he was unconstitutionally denied a jury trial. He presents the contention by asking:

"Is it a violation of due process of law to, in effect, deny a defendant a requested trial by jury by using the simple device of calling for trial a lesser included offense than that charged when said lesser offense carries a penalty not severe enough to warrant trial by jury?"

---

**2.** Code, Art. 66½, § 11-902 makes it "unlawful for any person to drive or attempt to drive or to be in actual physical control of any vehicle within this State while", subsection (a) "he is in an intoxicated condition," or subsection (b), "his driving ability is impaired by the consumption of alcohol."

**3.** The docket entry reads: "Verdict: Guilty 902B (impaired)."

## THE LAW

Courts Art. § 4-301 vests exclusive original jurisdiction in the District Court over certain designated crimes including those in which a person at least 16 years old is charged with violation of the motor vehicle laws.[4] Section 4-302 sets out certain exceptions to this jurisdiction, including those in subsection (d) thereof, which provides:

"Jury trial. — (1) The District Court is deprived of jurisdiction if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court.

(2) A defendant may demand a jury trial in a criminal case if the penalty for the offense with which he is charged permits imprisonment for a period in excess of three months; the state may not demand a jury trial."

Section 4-302 (e) provides, with certain exceptions not here applicable, that

". . . the District Court does not have jurisdiction of an offense or offenses otherwise within the District Court's jurisdiction if a person is charged with an offense or offenses arising from the same circumstances but not within the District Court's jurisdiction. In this case, the circuit court for the county has exclusive original jurisdiction over all the offenses."[5]

Driving while intoxicated, proscribed by Art. 66½, § 11-902 (a) is punishable upon conviction by imprisonment for not more than one year, or by fine of not more than $1,000 or both. Art. 66½, § 17-101 (b) (i). Driving while ability is impaired by the consumption of alcohol, proscribed by Art. 66½, § 11-902 (b), is punishable upon conviction by imprisonment for not more than two months or a fine of not

---

4. Royster was born 23 June 1935.
5. "Circuit court" includes the Criminal Court of Baltimore. Courts Art. § 4-101 (b).

more than $500, or both. Art. 66¹/₂, § 17-101 (b) (ii). Because of the penalty authorized upon conviction under Art. 66¹/₂, § 11-902 (a), Royster was entitled to demand a jury trial prior to trial in the District Court. His timely demand therefor divested the District Court of its jurisdiction with respect to both the offense under § 11-902 (a) and the offense under § 11-902 (b), and the Criminal Court of Baltimore properly acquired jurisdiction over the offenses, both arising from the same circumstances.

Royster's question acquires a new dimension in the light of *Thompson v. State*, 278 Md. 41 (1976). *Thompson* tells us that the Criminal Court's continuing jurisdiction over a case is not dependent upon an accused's being prosecuted in that court for an offense punishable by more than three months imprisonment. The Court of Appeals expressly held that nothing in the provisions of § 4-302 or of any other statute or Maryland Rule indicated that the jurisdiction of the Criminal Court may be subsequently ousted by the State's dropping an intoxicated driving charge and proceeding on a driving while impaired charge. 278 Md. at 48. More significantly, *Thompson* also held that a defendant once under the jurisdiction of the Criminal Court by reason of demand in the District Court for a jury trial [6] was entitled to a trial by jury on any criminal charge, regardless of the sentence authorized, even though a jury trial was not constitutionally mandated. The right, the Court found, was under the common law. 278 Md. at 53.

## DECISION

It is clear, in the light of *Thompson*, that Royster was entitled to the jury trial which he sought and that the denial of it was improper. Royster's question, phrased without the benefit of *Thompson*, does not now precisely convey the issue. But the import of the issue is there and the answer is that the right to a jury trial is not lost in any event by the prosecution's proceeding to trial on an offense which

---

6. *Thompson* left open the question of a right to a jury trial in the circuit court upon a *de novo* appeal from a District Court criminal conviction. 278 Md. at 53-54.

carries a penalty not severe enough to warrant a trial by jury under the federal constitution or existing statutes.[7]

Of course, the right to a jury trial may be waived. As the right in the circumstances here does not have a constitutional source, the waiver need not meet constitutional standards. See *Johnson v. Zerbst,* 304 U. S. 458 (1938). But we see no effective waiver here under any criteria. The trial court precluded any consideration of the point by flatly stating: "He is not entitled to a jury trial." If defense counsel appeared to agree, it was because both the court and counsel entertained that belief, pursuant to the decision of this Court in *Thompson v. State,* 26 Md. App. 442, decided 2 June 1975. The Court of Appeals on certiorari to this Court, tells us in its *Thompson, supra,* that all of us were wrong. See *Howard v. State,* 31 Md. App. 75 (1976).

As we reverse the judgment and remand for a new trial, there is no need to reach the claim that the evidence was not sufficient to sustain the conviction.

> *Judgment reversed; case remanded for a new trial; costs to be paid by the Mayor and City Council of Baltimore.*

---

7. The constitutional right to a jury trial for a "petty" offense does not exist. See cases cited in *Thompson,* note 1 at 46. *Thompson* declared that Courts Art. § 4-302 (d) "concerns only the right to make a demand, in the District Court, for a jury trial. It has no application to the right to a jury trial for charges pending in the Criminal Court." 278 Md. at 48.